IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>*Defendants*. | No. 1:25-cv-00190-JMC |

**PLAINTIFFS' UNOPPOSED[1] MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND TO FILE SUPPORTING EXHIBITS UNDER SEAL**

The Additional Individual Plaintiffs are a mother and son who were erroneously removed to Mexico from the United States under expedited removal. These Additional Individual Plaintiffs fear that they will be in even greater danger if their identities and participation in this action are publicly disclosed. Because of the "sensitive and highly personal" nature of their cases, the Additional Individual Plaintiffs seek leave to proceed under the pseudonyms Mary and John. *See Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Additional Individual Plaintiffs ask this Court to grant them leave to proceed under pseudonyms for the following reasons: (1) the Amended Complaint and subsequent pleadings will contain sensitive, personal information, including their current whereabouts and details about their family members (including non-party, U.S.-citizen children); (2) Additional Individual Plaintiffs are at risk of harm in Mexico; (3) Additional Individual Plaintiffs fear that, should their identities and personal

---

[1] Pursuant to Local Civil Rule 7(m), Plaintiffs' counsel conferred with Defendants' counsel, who indicated that Defendants do not oppose the relief requested in this motion.

1

information become public, they would become victims of threats and violence in Mexico; and (4) Additional Individual Plaintiffs fear that, should their identities and personal information become public, their family members (including non-party, U.S.-citizen children) would become victims of threats and violence. For these reasons, the Additional Individual Plaintiffs respectfully request leave to proceed pseudonymously.

Plaintiffs also respectfully move this Court for leave to file under seal Additional Individual Plaintiffs' subsequent declarations, which contain their full names and sensitive, personal information about their claims.

## I. The Use Of Pseudonyms Is Justified.

While the general rule is that complaints state the names of the parties, *see* Fed. R. Civ. P. 10(1), this Court has the discretion to allow a plaintiff to proceed pseudonymously. *See United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995). Courts may permit the use of pseudonyms when "the impact of the plaintiff's anonymity" outweighs "the public interest in open proceedings and on fairness to the defendant." *Chao*, 587 F. Supp. 2d at 99; *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). At the time of filing, plaintiffs need only make a "colorable argument in support of the request." *Qualls*, 228 F.R.D. at 10. When examining such requests, courts look to: (1) whether the plaintiff's request is intended "to preserve privacy in a matter of a sensitive and highly personal nature"; (2) whether the plaintiff has a reasonable expectation of "physical or mental harm" if not permitted to proceed pseudonymously; (3) whether the plaintiff is a minor; (4) whether the defendant is the government; and (5) the type of prejudice the defendant might experience if the plaintiff proceeds pseudonymously. *Chao*, 587 F. Supp. 2d at 99; *see also United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980) (setting forth a balancing test that compares, inter alia, "the strength of the . . . property and privacy interests" involved with the "possibility of prejudice" to those opposing disclosure). Courts in this district

2

have exercised broad discretion to "allow plaintiffs to proceed under a pseudonym in certain cases involving matters of a sensitive and highly personal nature." *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014) (citing *Chao*, 587 F. Supp. 2d at 99); *see also Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 152-53 (D.D.C. 2011); *Doe v. Von Eschenbach*, No. 06-2131, 2007 WL 1848013, at *2 (D.D.C. June 27, 2007).

Here, Additional Individual Plaintiffs' claims are sensitive and highly personal. Additional Individual Plaintiffs face a significant risk of threats and violence—physical and psychological harm—if their identities are publicly revealed through this lawsuit. In addition, their family members (including non-party, U.S.-citizen children) also face physical and psychological harm. Each of the Defendants is a government agency or official sued in an official capacity, and Defendants will experience no prejudice from allowing Additional Individual Plaintiffs to proceed pseudonymously in public filings. In light of the extreme sensitivities of Additional Individual Plaintiffs' situations and the potential danger posed to them and their families, the public interest does not require the use of their full names. In short, the relevant factors in this case weigh heavily in favor of allowing Additional Individual Plaintiffs to proceed under pseudonyms. *See Chao*, 587 F. Supp. 2d at 99.

### A. Additional Individual Plaintiffs' Claims Are Sensitive And Highly Personal, And Public Disclosure Could Result In Physical Or Mental Harm To Them And Their Families.

Additional Individual Plaintiffs seek to proceed under pseudonyms to protect their privacy and safety, as well as the safety of family members (including non-party, U.S.-citizen children). While the public typically has an interest in "knowing the facts surrounding judicial proceedings," this case is one in which anonymity is necessary "to preserve privacy in a matter of sensitive and highly personal nature" and to protect Individual Plaintiffs from possible future harm. *Von Eschenbach*, 2007 WL 1848013, at *1-2.

3

Additional Individual Plaintiffs Mary and John, Mary's son, are citizens of Mexico. *See* Declaration of Mary ¶¶ 1-2, Ex. A. They were wrongfully removed to Mexico in January 2025, after residing in the United States continuously for approximately ten years. *See id.* ¶¶ 4-5. Additional Individual Plaintiffs have been residing in Mexico since January 2025. *See id.* ¶ 6. They fear being publicly named in this lawsuit. *See id.* ¶ 7; Declaration of John ¶ 7, Ex. B. Additional Individual Plaintiffs fear that, should it become known in Mexico that they were deported from the United States and are filing a lawsuit, people will target them for extortion.[2] *See* Declaration of Mary ¶ 8; Declaration of John ¶ 8. Additional Individual Plaintiffs fear physical harm, should individuals target them for extortion. *See id.* They also fear psychological harm, should individuals targeting them send threats of harm. *See* Declaration of Mary ¶ 10; Declaration of John ¶ 10. Moreover, Mary fears that her other children, who include two U.S.-citizen children under the age of 9, face the same physical and psychological harm. *See* Declaration of Mary ¶¶ 3, 9, 11. In fact, Mary and John are already experiencing anxiety and physical manifestations of these fears. *See id.* ¶ 10; Declaration of John ¶ 10.

Additional Individual Plaintiffs face further risk of harm if their identities are disclosed publicly. Their "identification [could] create[] a risk of retaliatory physical or mental harm." *Qualls*, 228 F.R.D. at 10-11 (internal quotation marks and citation omitted); *see also Emp. #1 v. Dep't of Behav. Health*, 694 F. Supp. 3d 110, 113 (D.D.C. 2023) (outlining mental harm, such as cyber-bullying that led to insomnia and anxiety, as a separate basis for allowing the plaintiff to

---

[2] *See Mexico: Abuses Against Asylum Seekers at US Border*, Hum. Rts. Watch (Mar. 5, 2021), https://www.hrw.org/news/2021/03/05/mexico-abuses-against-asylum-seekers-us-border (detailing how extortionists, including police, targeted individuals deported from the U.S. to Mexico and "identified their victims by inspecting their identity and court documents"); *FBI El Paso Warns Public of an Increase of Kidnapping/Virtual Kidnapping Extortion Crimes in the Borderland*, FBI.gov (Feb. 4, 2022), https://www.fbi.gov/contact-us/field-offices/elpaso/news/press-releases/fbi-el-paso-warns-public-of-an-increase-of-kidnappingvirtual-kidnapping-extortion-crimes-in-the-borderland (U.S. government report of extortion against individuals deported from the U.S. to Mexico).

proceed pseudonymously). Moreover, identifying Additional Individual Plaintiffs could lead "even more critically, to [harm to] innocent non-parties." *Id.* And in this case, those innocent non-parties include minor children and U.S. citizens. *See, e.g.*, *Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015) ("Allowing Doe to file pseudonymously will . . . protect his wife and minor child . . . .").

### B. Pseudonymity Will Not Prejudice Defendants And Will Serve The Public Interest.

Allowing Additional Individual Plaintiffs to proceed pseudonymously is especially appropriate where, as here, Defendants are government officials sued in their official capacity. *See, e.g.*, *Chao*, 587 F. Supp. 2d at 99 n.9 ("[W]hen a plaintiff challenges the government or government activity, courts are more like[ly] to permit plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." (citing *Yacovelli v. Moeser*, No. 02-cv-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2004))).

Moreover, Defendants will suffer no prejudice should Additional Individual Plaintiffs be allowed to proceed under pseudonym. Because Defendants will know Additional Individual Plaintiffs' true identities, allowing them to proceed pseudonymously would pose no "risk of unfairness to the opposing party." *Chao*, 587 F. Supp. 2d at 99; *see also Al Otro Lado, Inc. v. Nielsen*, No. 17-CV-02366-BAS-KSC, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (finding no prejudice to government defendants who "know the Individual Plaintiffs' names" and "have the information they need to defend against the claims"). Additionally, any public interest in disclosing Additional Individual Plaintiffs' identities is greatly outweighed by the significant risk of harm that such disclosure would pose to them. Finally, forcing Additional Individual Plaintiffs to publicly expose their identities in order to pursue litigation creates an unnecessary risk of chilling the willingness of vulnerable individuals from litigating important issues like the ones

raised in this case. *Cf. Al Otro Lado*, 2017 WL 6541446, at *7. Thus, permitting Additional Individual Plaintiffs to use pseudonyms "will serve the public's interest in this lawsuit by enabling it to go forward." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000).

### II. Additional Individual Plaintiffs Should Be Permitted To File Their Declarations Under Seal In Support Of This Motion.

The D.C. Circuit and courts in this district recognize that the presumption in favor of public access to court filings "is not without its time-honored exceptions[.]" *Hubbard*, 650 F.2d at 315 (citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)). The D.C. Circuit has established a six-factor "*Hubbard* test" for assessing the need for privacy, requiring courts to weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (citing *Hubbard*, 620 F.2d at 317-22).

The relevant factors, like the related concerns governing the use of pseudonyms, weigh in favor of allowing Additional Individual Plaintiffs to file their declarations in support of this motion under seal. When the moving party's "safety will be at risk" if the public is provided unrestricted access to court filings, the fourth *Hubbard* factor "weighs strongly in favor of sealing." *Hamen v. Islamic Republic of Iran*, 318 F. Supp. 3d 194, 198 (D.D.C. 2018). The high risk of physical and psychological harm faced by Additional Individual Plaintiffs—as well as their family members (including non-party, U.S.-citizen children)—demonstrates that their need for confidentiality outweighs the public's interest in knowing their identities and the details of their removal.

6

The second *Hubbard* factor, "the extent of previous public access" also weighs against disclosure because Additional Individual Plaintiffs have not previously filed federal court documents containing their names or other sensitive details that they wish to conceal from the public record. *See Hamen*, 318 F. Supp. 3d at 198. The third *Hubbard* factor, "the fact that someone has objected to disclosure, and the identity of that person," also weighs against disclosure as Additional Individual Plaintiffs vigorously object to filing unsealed declarations due to their fear for their safety and the safety of their loved ones. *Id*. The sixth *Hubbard* factor, the "purpose of the information," also weighs against disclosure because personal details concerning Additional Individual Plaintiffs are not "relevant . . . to the central claims of the litigation." *Id*. at *3 (quoting *United States v. Harris*, 204 F. Supp. 3d 310, 17-18 (D.D.C. 2016)).

The countervailing interests in complete disclosure are minimal or nonexistent. The public's interest, if any, in knowing Additional Individual Plaintiffs' identities and the sensitive details of their removal is negligible. To be sure, the issues that Plaintiffs raise in this lawsuit are important ones and may well be a matter of concern to the general public. Yet the public will be able to gain a comprehensive understanding of the bases of their claims for relief based on the complaint and other public filings in this case. Defendants will not face any prejudice if this Court provides leave for Plaintiffs to file Additional Individual Plaintiffs' declarations in support of this motion under seal, as Defendants will have access to all information required to prepare their defense in this case.

## CONCLUSION

For the foregoing reasons, Additional Individual Plaintiffs should be permitted to proceed in this suit under their proposed pseudonyms and to file subsequent declarations under seal.

Dated: March 21, 2025                                 Respectfully submitted,

                                                                          */s/ Anand Balakrishnan*

Cody Wofsy (D.D.C. Bar No. CA00103)
Stephen B. Kang (D.D.C. Bar No. CA00090)
Morgan Russell
Hannah Steinberg
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
*cwofsy@aclu.org*
*skang@aclu.org*
*mrussell@aclu.org*
*hsteinberg@aclu.org*

Amy Belsher
Robert Hodgson
New York Civil Liberties Union Foundation
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

Anand Balakrishnan
Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat
Sidra Mahfooz
Grace Choi
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*smahfooz@aclu.org*
*gchoi@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah*
American Civil Liberties Union Foundation of
the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs*
\* *Admitted to practice in the District of Columbia; D.C. Bar No. pending*

## CERTIFICATE OF SERVICE

I hereby certify on March 21, 2025, I caused a copy of the foregoing to be transmitted to all Defendants through the CM/ECF filing system.

*/s/ Anand Balakrishnan*
Anand Balakrishnan
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*