IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants. | Case No. 1:25-CV-00190-JMC |

### DEFENDANTS' OPPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT

Defendants respectfully request a fourteen-day extension of time to respond to the Amended Complaint in this matter. This request is made in good faith and not for the purpose of undue delay, and good cause exists for it. Defendants' current deadline to answer the Amended Complaint is April 4, 2025. FED. R. CIV. P. 15(a)(3). A fourteen-day extension would enlarge the deadline to April 18, 2025. This is Defendants' first request for an extension of time to answer the Amended Complaint. Defendants conferred with Plaintiffs pursuant to Local Civil Rule 7(m), and Plaintiffs stated that they oppose this request.

On January 22, 2025, Plaintiffs filed a Complaint in this matter, ECF No. 1, and perfected service on January 23, 2025. ECF No. 24. As such, Defendants' response deadline was March 24, 2025. *Id.* On March 21, 2025, just three days before this deadline, Plaintiffs filed a motion for leave to amend the complaint, and a motion to proceed under pseudonym. ECF Nos. 25, 26. Plaintiffs subsequently withdrew this motion, and filed their Amended Complaint. ECF Nos. 27, 28. Plaintiffs' Amended Complaint names two new Plaintiffs, ECF No. 27-1 ¶¶ 12–13, 105, includes claims about two more organizational members, *Id.* ¶¶ 99–100, and adds a claim under 8 U.S.C. §§ 1158, 1225(b)(1) and 8 C.F.R. § 208, alleging that expedited removal should not be

expanded to aliens who have filed affirmative asylum applications. *Id.* ¶¶ 125–128. Plaintiffs also add claims about guidance issued on January 23, 2025 by the then-Acting Secretary of the Department of Homeland Security, regarding the expedited removal designation that is the subject of this lawsuit. *Id.* ¶ 23, 107, 114–18. Defendants require this time extension so that they may investigate and respond to these new claims and to the addition of new Plaintiffs.[1]

Defendants conferred with Plaintiffs, both telephonically and by e-mail about this request. Plaintiffs responded by proposing an alternate schedule that would not give Defendants time to file a motion to dismiss, and instead, would proceed directly to summary judgment motion practice. To that end, Plaintiffs indicated they would file an opposition to this extension request, and propose such a schedule. However, there is binding Circuit precedent in this matter that was borne out of an almost identical case that Plaintiffs lodged against Defendants in 2019. *Make the Rd. N.Y. v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020). As such, this matter is a strong candidate for a motion to dismiss pursuant under Federal Rule of Procedure 12, and Defendants are entitled to resolve these claims *on the pleadings*, to eliminate threshold issues that are plainly governed by binding precedent. *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("[A] court can fully resolve any purely legal question on a motion to dismiss, there is no inherent barrier to reaching the merits at the 12(b)(6) stage."); *see* FED. R. CIV. P. 1 ([The Federal Rules of Civil Procedure] "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). In doing so, Defendants endeavor to narrow and streamline what, if any claims will proceed in this

---

[1] This week, Plaintiffs relayed personal identifying information of these individuals to Defendants, so that Defendants may investigate their claims. Defendants are in the midst of this investigation, and have not yet obtained the information that would allow them to defend the claims alleged herein.

litigation. If the case is dismissed or narrowed, this litigation posture will preserve judicial resources, that need not be extended on claims that the D.C. Circuit squarely foreclosed in an earlier iteration of this case. Plaintiffs' proposal envisions that Defendants deploy their already constrained resources to the production of an administrative record, instead of litigating the case in a refined posture after briefing on the pleadings. *Nat'l PFAS Contamination Coal. v. United States Env't Prot. Agency*, No. CV-22-132 (JDB), 2023 WL 22078, at *5 (D.D.C. Jan. 3, 2023) ("[T]he case is at its very beginning stages. 'It makes little sense for the Court to require the filing of the administrative record and merits briefs from both sides, and then to expend resources resolving legal issues that will likely be moot around the same time as it reaches a decision.'") (citation omitted). At this stage, Defendants would be prejudiced by proceeding in this manner because no administrative record is necessary. *Connecticut v. U.S. Dep't of Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018) (granting the Government's motion to be relieved of complying with Local Civil Rule 7(n)[2] when the administrative record was not required to decide defendants' motion to dismiss)).

To the extent Plaintiffs are concerned about any "delay," their proposed schedule punts Defendants' response deadline farther out than what Defendants are proposing here, in a *first request* for a deadline enlargement. Likewise, in the sixty days that followed Plaintiffs' service of the Complaint on Defendants, from January 23, 2025, Defendants have been preparing their defense of this case. Plaintiffs amended their complaint *just three days* before Defendants' deadline to answer or otherwise respond to the complaint. *Compare* ECF No. 24 (calendaring Defendants' response deadline as March 24, 2025) *with* ECF No. 25–27 (filing an amended

---

[2] Importantly, Local Civil Rule 7(n) contemplates that Defendants would file an Administrative Record upon service of any *answer*. D.D.C. L. Civ. R. 7(n)(1).

3

complaint on or about March 21, 2025). If Plaintiffs' concern is the pace of this litigation, they may have amended their complaint sooner than they did. Here, the Federal Rules of Civil Procedure contemplate that Defendants respond to the amended complaint fourteen days after it is served. FED. R. CIV. P. 15(a)(3). Therefore, if this extension is granted, Defendants will have twenty-eight days total to respond to Plaintiffs' recent amendment. This timeline is relatively expedited, particularly here, where Plaintiffs have added new claims, and Defendants are not yet in possession of information to investigate the Doe individuals' claims.

Therefore, Defendants respectfully request that the Court grant Defendants' brief, fourteen-day extension of time, until April 18, 2025, to investigate Plaintiffs' new claims and parties, and to craft a response to their amended complaint.

Dated: March 27, 2025

                                              Respectfully submitted,

                                              EREZ REUVENI
                                              Acting Deputy Director
                                              Office of Immigration Litigation,
                                              General Litigation and Appeals

                                              BRIAN C. WARD
                                              Acting Assistant Director

                                              */s/ Caroline McGuire*
                                              CAROLINE MCGUIRE
                                              NY Bar No. 5854823
                                              Trial Attorney
                                              U.S. Department of Justice, Civil Division
                                              Office of Immigration Litigation
                                              District Court Section
                                              P.O. Box 868, Ben Franklin Station
                                              Washington, D.C. 20044
                                              Tel: (202) 532-4268
                                              Email: caroline.mcguire@usdoj.gov
                                              *Attorneys for Defendants*