**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, et al., | ) |
| | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | )    No. 1:25-cv-00190-JMC |
| | ) |
| KRISTI NOEM, Secretary of the U.S. Department | ) |
| of Homeland Security, in her official capacity, et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

**RESPONSE TO MOTION FOR EXTENSION OF TIME AND**
**REQUEST TO ADOPT PLAINTIFFS' PROPOSED SCHEDULE**

This case challenges the Trump Administration's dramatic expansion of "expedited

removal," a streamlined removal system under which people can be summarily ejected from the

United States.  Historically, that process has been primarily limited to noncitizens apprehended

at or near the border.  Beginning on the day after his inauguration, President Trump expanded the

process to include noncitizens found anywhere in the United States who cannot prove they have

been continuously present in the United States for more than two years.  Plaintiffs have sued to

challenge this policy under a statutory provision unique to systemic challenges to the expedited

removal system, which directs courts to "advance on the docket and [] expedite to the greatest

possible extent the disposition" of cases like this one.  8 U.S.C. § 1252(e)(3)(D).

Plaintiffs have no objection to Defendants' requested two-week extension of time to file

an answer to the amended complaint.  However, while Defendants' motion is framed in terms of

the response date, the true dispute is whether Defendants should be permitted to litigate a

standalone motion to dismiss and proceed to summary judgment briefing only after the Court's

1

decision on the question of dismissal, or whether the motion to dismiss should be briefed alongside summary judgment and decided all at once. It is thus important to be clear that the likely result of adopting Defendants' approach to further proceedings would be substantial delay as the Court entertains and decides two rounds of heavily overlapping briefing.

Plaintiffs submit that the more appropriate path—and the path consistent with the statutory directive to expedite this case—is the single consolidated briefing schedule Plaintiffs have included at the end of this motion. Under that schedule, Defendants will have more time to "investigate," Mot. 4, before they file a motion to dismiss than under Defendants' own proposal. Defendants claim they will be burdened by the need to produce administrative records for the challenged agency actions before seeking dismissal. Mot. 3. While that burden is minimal regardless, here it is likely unnecessary altogether as to the central Designation challenged, as Plaintiffs recognize the record-focused claims against the primary Designation document at issue (arbitrary and capricious and notice and comment) are foreclosed by D.C. Circuit precedent but intend to preserve them for further review (for which no administrative record is needed). Defendants can offer no good reason for their duplicative briefing proposal. By contrast, their proposal to delay relief by engaging in two rounds of briefing will harm Plaintiffs and the public by exposing them to arbitrary summary removals in the meantime.

## BACKGROUND

This case concerns the Trump Administration's decision to dramatically expand "expedited removal," under which low-level Department of Homeland Security ("DHS") immigration officers summarily deport individuals from the United States without any meaningful review. DHS deports individuals subject to expedited removal soon after arrest, without any meaningful opportunity to speak with an attorney; to gather evidence or call

witnesses; or to present a claim for relief from removal, other than a truncated process for those who express fear of persecution.

Expanding the expedited removal process to the interior of the country is a major departure from a century-long norm of providing all noncitizens within the United States who face removal with notice, access to counsel, an opportunity to prepare, and a contested hearing. Since the expedited removal process was created nearly three decades ago, federal immigration authorities have focused the use of expedited removal in limited circumstances: to noncitizens who are seeking admission at a port of entry, who have been apprehended near the border shortly after they entered the country, or who arrive in the United States by sea.

On January 21, 2025, the Administration issued and made immediately effective a new rule that expands the reach of expedited removal to individuals located anywhere in the country who cannot prove they have been continuously present in the United States for more than two years. *See* U.S. Dep't of Homeland Sec., Designating Aliens for Expedited Removal (Jan. 21, 2025), https://public-inspection.federalregister.gov/2025-01720.pdf ("Designation"). The Designation was issued pursuant to the DHS Secretary's authority to apply the expedited removal to specified noncitizens pursuant to 8 U.S.C. § 1225(b)(1)(A)(III).

On January 23, 2025, Benjamine C. Huffman, then-Acting Director of DHS, issued a Guidance to implement the January 21, 2025 Designation. Benjamine C. Huffman, Guidance Regarding How to Exercise Enforcement Discretion (Jan. 23, 2025) ("January 23 Guidance"), https://www.dhs.gov/sites/default/files/2025-01/25_0123_er-and-parole-guidance.pdf. The January 23 Guidance directs that for "any alien DHS is aware of who is amenable to expedited removal but to whom expedited removal has not been applied," officers should "[t]ake all steps necessary to review the alien's case and consider, in exercising your enforcement discretion,

whether to apply expedited removal. This may include steps to terminate any ongoing removal proceeding." Guidance at 2. The January 23 Guidance additionally states:

> Further, the expedited removal process includes asylum screening, which is sufficient to protect the reliance interests of any alien who has applied for asylum or planned to do so in a timely manner. See 8 U.S.C. § 1225(b)(l).

*Id.* Thus, the January 23 Guidance directs that individuals already in removal proceedings, and actively litigating asylum claims, be removed from those active proceedings and placed into expedited removal.

The instant case is brought by an organization, Make the Road New York, whose members are subject to the new expedited removal policies, and two individuals subjected to expedited removal and removed. It challenges the two policies under a special statutory provision for review of systemic challenges to the expedited removal system, 8 U.S.C. § 1252(e)(3). That statute provides that challenges to the "implementation" of the expedited removal system are "available in an action instituted in the District Court for the District of Columbia" and authorizes review of "whether … a written policy directive, written policy guideline, or written procedure issued … to implement" the expedited removal system is "in violation of law." *Id.* § 1252(e)(3)(A). Challenges pursuant to the statute are to be brought "no later than 60 days after the challenged section, regulation, directive, guideline, or procedure" is first implemented. *Id.* § 1252(e)(3)(B). Make the Road New York initially sued shortly after the January 21 designation order. *See* Complaint, ECF 1. The Amended Complaint, filed on March 22, updates the challenge to reflect relevant policy changes within 60 days of the Designation.

## ARGUMENT

While their motion is framed in terms of the responsive deadline to file an Answer or motion to dismiss, the gravamen of Defendants' motion is that the case is best served by

litigation of a motion to dismiss before proceeding to resolution on the merits. But under the circumstances of this case, that approach would yield only needless delay.

1. To justify their proposed two-step process, Defendants rely primarily on a decision from the Court of Appeals, *Make the Rd. N.Y. v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020). Specifically, they argue that this case is a "strong candidate for a motion to dismiss" because it involves "threshold issues that are plainly governed by" *Make the Rd. N.Y.* Mot. 2. That decision, however, does not address, let alone foreclose, the claims on which Plaintiffs intend to proceed. Particularly given that Plaintiffs do not intend to brief, except to preserve, the APA claims foreclosed by *Make the Road N.Y.*, the decision does not support the delay Defendants' proposal would create.

The decision in *Make the Road N.Y.* resulted from a challenge brought against a 2019 Designation that expanded expedited removal in a similar manner as the 2025 Designation challenged in this case. *See* Notice Designating Aliens for Expedited Removal, 84 Fed. Reg. 35,409 (July 23, 2019). Plaintiffs in that case—three organizations with members subject to the expanded scope of expedited removal, including Plaintiff Make the Road New York—filed an initial complaint challenging the 2019 Designation as arbitrary and capricious and issued without necessary notice and comment procedures, along with constitutional and statutory challenges. *See Make the Rd. New York v. McAleenan*, 405 F. Supp. 3d 1, 10 (D.D.C. 2019). The district court granted a preliminary injunction on the two APA claims: It held that the decision to expand expedited removal was likely illegal for failure to comply with the APA's notice-and-comment and reasoned decision-making requirements. *Id.* at 11.

The Court of Appeals disagreed, holding that a "judgment whether to expand expedited removal" made pursuant to the designation provision, 8 U.S.C. § 1225(b)(1)(A)(iii), is "not subject to review under the APA's standards for agency decision-making, [n]or . . . the APA's

5

notice-and-comment rulemaking requirements." *Make the Road N.Y.*, 962 F.3d at 618.  The

Court specifically noted its holding did *not* address the still "pending constitutional and

[statutory] INA claims."  *Id.* at 621.  Subsequent to the Court of Appeals decision, proceedings in

the district court continued.  Plaintiffs filed a second motion for preliminary injunction on the

statutory claims against the Designation, as well as claims against additional implementation

policies promulgated after the Designation.  *See* Second Motion for Preliminary Injunction,

*Make the Road*, 1:19-cv-02369, ECF 56 (D.D.C. Oct. 19, 2020).  The preliminary injunction was

fully briefed and argued on November 13, 2020.  The case was stayed in light of a February 2,

2021 Executive Order directing review of the 2019 Designation and subsequently voluntarily

dismissed due to the rescission of the 2019 Designation.  *See* Minute Order (Feb. 8, 2021);

Notice of Voluntary Dismissal, ECF 91, 1:19-cv-02369 (June 3, 2022).

Plaintiffs' acknowledge that two of the claims presented in their amended complaint—

the arbitrary-and-capricious and notice-and-comment claims against the 2024 Designation,

Amended Complaint ¶¶ 117-124—are controlled by the D.C. Circuit's adverse decision in *Make*

*the Road N.Y.*  Plaintiffs have included these claims for purposes of preservation for potential

review and reversal of that holding on appeal.  They do not intend to brief those claims beyond

preservation.  However, the remainder of the claims against the Designation are not addressed by

the D.C. Circuit's decision.[1]  Similarly, the D.C. Circuit's decision addressed only the

reviewability of a *Designation* pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii); the January 23

Guidance is a policy document distinct from a Designation, and so *Make the Road N.Y.* does not

---

[1] Of the remainder of the claims against the 2025 Designation in the First Amended Complaint,
three similar claims were raised against the 2019 Designation in the previous litigation:  Claims
1, 2, and 3.  Of these, claims 2 and 3 were actively litigated in the district court after remand and
prior to the stay of proceedings.  The sixth claim in the Amended Complaint was not raised in
the previous proceedings.

foreclose any claims against it.  *Cf., e.g.*, *Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020) (Section 1252(e)(3) review of policy document).

Of course, Defendants may make whatever arguments they want about the implications of *Make the Road N.Y.* on the merits of this case.  But the point is that—setting aside the claims that Plaintiffs seek only to preserve—that decision does not foreclose any of Plaintiffs' claims.  It therefore offers no reason to delay proceedings with duplicative motion-to-dismiss briefing rather than simply addressing the impact of *Make the Road N.Y.* through summary judgment proceedings.

2.  Motions to dismiss typically play a gatekeeping role to allow defendants to avoid the burden of discovery if they can prevail as a matter of law.  But there is generally no discovery in cases like this one—and there was no discovery in the prior *Make the Road N.Y.* litigation.  Plaintiffs, moreover, do not intend to seek discovery here.  So the ordinary reason for bifurcated briefing does not apply.  Indeed, § 1252(e)(3) cases regularly proceed directly to summary judgment—even where government defendants raise threshold issues.  *See, e.g., Grace v. Barr*, 965 F.3d 883 (D.C. Cir. 2020); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1 (D.D.C. 2020); *M.A. v. Mayorkas*, 23-cv-1843-TSC (D.D.C.); *U.T.* v. *Barr*, 20-cv-00116-EGS (D.D.C.).  *But see M.M.V. v. Garland*, 1 F.4th 1100 (D.C. Cir. 2021) (affirming dismissal of certain plaintiffs not on the merits, but because their claims were untimely and/or the policies they challenged were unwritten and thus fell outside of § 1252(e)(3)).

Defendants argue that they require time to investigate the claims in light of the amended complaint.  But that is not a reason for a bifurcated process.  Under their proposal, their responsive filing would be due April 18, 2024.  Plaintiffs' briefing schedule would allow Defendants even more time—over 60 days—from the amended complaint to investigate and file

their opposition, including any motion to dismiss, and do so after Plaintiffs' full presentation of their claims on summary judgment.

Defendants also object to the production of administrative records, but that too is not a good reason for delay either. As noted above, in Section 1252(e)(3) litigation, Defendants have provided administrative records, even while presenting threshold objections to jurisdiction and reviewability in summary judgment proceedings. And any burden can be further mitigated here. As stated, Plaintiffs will not be pursing their arbitrary-and-capricious or notice-and-comment challenges to the Designation, besides preserving the claims, and will rely on their own evidence such as declarations in support of their constitutional and statutory challenges to the Designation. In short, Plaintiffs have no objection to production of the administrative record of the Designation, but so long as they can submit their own evidence at summary judgment, they also have no objection to Defendants *not* producing an administrative record as to the Designation.

3. The human stakes at issue further support Plaintiffs' proposal. Expanded expedited removal empowers immigration officers to arrest and rapidly deport people with next to no opportunity for review. Particularly given recent events, there is every reason to fear the government will use that power to rapidly secret people out of the country. *See, e.g., Trump Invoked the Alien Enemies Act to Speed Up Deportations: What to Know*, N.Y. Times, Mar. 21, 2025, https://nyti.ms/42g6Si5. Even U.S. citizens could be caught up in this rapid deportation dragnet. *See* Nicole Foy, *Some Americans Have Already Been Caught in Trump's Immigration Dragnet. More Will Be*, Propublica, Mar. 18, 2025, bit.ly/4iUZVKq. There is a strong public interest in reaching resolution and relief quickly.

Defendants counter by suggesting that Plaintiffs themselves caused delay by amending near the 60-day mark. But that just reflects that the government has been ramping up enforcement and it takes time to monitor that enforcement and track changes in the existing

removal system, particularly in light of numerous other rapid changes in immigration policy.  In choosing to amend at the close of the authorized 60-day window to file suit, Plaintiffs sought to ensure, to the extent possible, that policies relevant to the use of the expanded scope of expedited removal could be fully presented to the Court.

Plaintiffs' proposal serves the purposes of the statute.  Rather than having overlapping briefing in seriatim, with attendant delay, the schedule allows for a single, final, and expeditious resolution by the Court.

### Plaintiffs Proposed Schedule of Proceedings

Plaintiffs' proposed the following schedule to Defendants on March 27, 2025, and Defendants declined to accept it (or propose modifications).  Plaintiffs understand Defendants object to the basic premise of the schedule, and wish to proceed first on a motion to dismiss. Plaintiffs are amenable to modification of dates.

Plaintiffs' proposed schedule:

- Production of Administrative Records:  April 17 (21 days from March 27)
- Two weeks thereafter:  Plaintiffs' Motion for Summary Judgment
- Three weeks thereafter:  Defendants' Opposition and any other moving papers.
- Three weeks:  Plaintiffs' Reply & Oppositions
- Two weeks:  Defendants' Replies

### Conclusion

For the foregoing reasons, Plaintiffs do no object to the requested extension of time, but object to Defendants' proposal for bifurcated briefing, and request that the Court instead adopt Plaintiffs' proposed schedule.

Dated: March 31, 2025                    Respectfully submitted,

                                         /s/ Anand Balakrishnan_____
Cody Wofsy (D.D.C. Bar No. CA00103)      Anand Balakrishnan
Stephen B. Kang (D.D.C. Bar No. CA00090) Lee Gelernt (D.D.C. Bar No. NY0408)

9

Morgan Russell
Hannah Steinberg
American Civil Liberties Union Foundation
Immigrants' Rights Project
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
*cwofsy@aclu.org*
*skang@aclu.org*
*mrussell@aclu.org*
*hsteinberg@aclu.org*

Amy Belsher
Robert Hodgson
New York Civil Liberties Union Foundation
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

Omar C. Jadwat
Sidra Mahfooz
Grace Choi
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*smahfooz@aclu.org*
*gchoi@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)*
American Civil Liberties Union Foundation of
the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs*
*\* Admission to DDC Bar pending*

**CERTIFICATE OF SERVICE**

I hereby certify on March 31, 2025, I caused a copy of the foregoing to be transmitted to all Defendants through the CM/ECF filing system.

_/s/ Anand Balakrishnan_
Anand Balakrishnan
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
_abalakrishnan@aclu.org_