IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br> Defendants. | Case No. 1:25-CV-00190-JMC |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
REQUEST TO ADOPT A PROPOSED SCHEDULE**

On March 27, 2025, Defendants filed an enlargement motion, respectfully requesting a modest, additional two weeks to answer or otherwise respond to Plaintiffs' Amended Complaint. ECF No. 32. Plaintiffs opposed that motion. *Id.* On March 31, 2025, Plaintiffs clarified that they "have no objection to Defendants' two-week extension of time to file an answer to the amended complaint." ECF No. 33. However, Plaintiffs object to "bifurcated briefing," and proposed further proceedings in this case in the form of summary judgment motion practice. *Id.* at 9. For the following reasons, the Court should deny Plaintiffs' proposed briefing schedule.

Plaintiffs concede that the claims that would prompt the production of an administrative record, specifically their arbitrary and capricious claim and notice and comment claim (Counts Four and Five) are foreclosed by binding D.C. Circuit precedent. *Id.* at 2, 5, 6. Thus, the most efficient way to proceed here, is to resolve those claims and any others that may be determined at the motion to dismiss stage. Otherwise, Defendants would be forced to produce an administrative record and engage in merits briefing on claims that should have been dismissed by the summary judgment stage. *Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.D.C. 2001).

Plaintiffs indicate that they have included these claims "for purposes of preservation for potential review and reversal of that holding on appeal." ECF No. 33 at 6. Regardless of how Plaintiffs "intend to proceed," *id.* at 5, their operative pleading includes these claims, and so Defendants must not only preserve their defenses to them, but also defend against them. FED. R. CIV. P. 8(b)(1); *Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1107 (D.C. Cir. 2019) ("Although the Rules do not explicitly prescribe the consequences of failing to timely raise a defense, the Supreme Court has instructed that "[a]n affirmative defense, once forfeited, is 'exclu[ded] from the case[.]'") (citations omitted). The remainder of Plaintiffs' claims are not buoyed by the APA, but rather, rooted in the United States Constitution, and in statute.[1] Therefore, because even Plaintiffs themselves acknowledge that their APA claims are foreclosed by binding Circuit precedent, administrative record production is not an appropriate proposal here. *Cf.* FED. R. CIV. P. 26(a)(1)(B)(i). Its production is burdensome because of the posture of Plaintiffs' case, and because Plaintiffs' concessions herein indicates it should not be produced at all.

While Plaintiffs argue that only certain APA claims are foreclosed because the D.C. Circuit did not reach all of their claims in *Make the Road*, 965 F.3d 883 (D.C. Cir. 2020), Defendants believe that the reasoning of that decision and other binding D.C. Circuit precedent, as well as threshold justiciability barriers, preclude all of Plaintiffs' claims from proceeding past a motion to

---

[1] Plaintiffs bring claims under the Fifth Amendment Due Process, (Count 1), Am. Compl. ¶¶ 107–09, under 8 U.S.C. § 1182(a)(7), (Count 2), *id.* ¶¶ 110–13, under the INA, 8 U.S.C. § 1225(a), (b)(1) (2) (Count 3), *id.* ¶¶ 114–16, and under the INA 8 U.S.C. §§ 1158, 1225(b)(1) and 8 C.F.R. § 208 (Count 6), *id.* ¶¶ 125–28. Notably, Count Three is a "contrary to law" APA claim, and may or may not require an administrative record. *Alphapointe v. VA*, 475 F. Supp. 3d 1, 12 (D.D.C. 2020) ("The D.C. Circuit has held that an APA claim may be resolved on a motion to dismiss, and does not require an administrative record, where a party's assertion that a 'challenged provision[] violate[s] [a statute] can be resolved with nothing more than the statute and its legislative history.'") (citing *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 271 F.3d 262, 266 (D.C. Cir. 2001)).

dismiss. And Federal Rule of Civil Procedure 12 contemplates that these disputes should be resolved on a motion to dismiss. *See Reid v. Inch*, 920 F.3d 828, 833 (D.C. Cir. 2019) ("'At the motion to dismiss stage, courts assess justiciability based in part on 'the theory of injury presented in the complaint' and 'the facts alleged in support of the claim.'"); *Vargus v. McHugh*, 87 F. Supp. 3d 298, 302 (D.D.C. 2015) ("The Government's Motion to Dismiss, however, raises both jurisdictional questions under Fed. R. Civ. P. 12(b) (1) and the merits under Fed. R. Civ. P. 12(b) (6). Defendant may very well prevail on one of the jurisdictional arguments in its Motion, which this Court must resolve before considering the merits."). So despite Plaintiffs' complaint that such briefing would be "duplicative" and "overlapping," they are wrong. By proceeding with a motion to dismiss first, the Court may *narrow* and *eliminate* certain claims. If, as Plaintiffs propose, the Court instead sets an expedited briefing schedule for summary judgment motion practice, the Parties will have to submit duplicative briefing on claims the Court may dismiss under Rule 12. Plaintiffs cite to four cases that they say proceeded to summary judgment motion practice before a Rule 12 motion. ECF No. 33 at 7. But in some, if not all, of those cases the government agreed to proceed directly to summary judgment briefing based on circumstances that were present there, but not here. Moreover, none of those cases challenged the Secretary's "sole and unreviewable discretion" to expand expedited removal "at any time," 8 U.S.C. § 1255(b)(1)(A)(iii)(I), or binding Circuit precedent precluding most, if not all of the claims.

      Plaintiffs hang their hat on the "delay" that may ensue from briefing on a Rule 12 motion. ECF No. 33 at 7–9. However, Plaintiffs never filed a motion for preliminary injunction, or temporary restraining order, and they amended their complaint just three days before Defendants' response deadline. Plaintiffs argue their delay "reflects that the government has been ramping up enforcement and it takes time to monitor that enforcement and track changes in the existing

3

removal system, particularly in light of numerous other rapid changes in immigration policy." *Id.* at 8–9. But the factual predicates for Plaintiffs' amendments occurred on January 23, 2025 and January 28, 2025. Am. Compl. ¶¶ 12, 13, 23. Other than taking a "wait and see" approach, which seems misaligned with Plaintiffs' request for alacrity now, Plaintiffs offer no articulable explanation for amending their complaint on or about March 21, 2025, just three days before Defendants' deadline to respond to the Complaint. Had *Plaintiffs* not delayed their amendment, there would be no need for Defendants' modest, two-week extension request, and the parties would be engaged in briefing on the pleadings now.

Therefore, the Court should deny Plaintiffs' proposed schedule and their request to proceed to merits briefing on claims that should be dismissed under binding Circuit precedent.

Dated: March 31, 2025

                                          Respectfully submitted,

                                          EREZ REUVENI
                                          Acting Deputy Director
                                          Office of Immigration Litigation,
                                          General Litigation and Appeals

                                          BRIAN C. WARD
                                          Acting Assistant Director

                                          */s/ Caroline McGuire*
                                          CAROLINE MCGUIRE
                                          NY Bar No. 5854823
                                          Trial Attorney
                                          U.S. Department of Justice, Civil Division
                                          Office of Immigration Litigation
                                          District Court Section
                                          P.O. Box 868, Ben Franklin Station
                                          Washington, D.C. 20044
                                          Tel: (202) 532-4268
                                          Email: caroline.mcguire@usdoj.gov
                                          *Attorneys for Defendants*

5