**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    No. 1:25-cv-00190-JMC |

**[PROPOSED] ORDER**

Plaintiff Make the Road New York's Motion to Postpone Effective Date of Agency Action ("Plaintiff's Motion") was filed on June 10, 2025. After consideration of the briefs and arguments of counsel, the evidence filed in support of and in opposition to Plaintiff's Motion, and being fully advised, the Court finds that Plaintiff has carried its burden to demonstrate a need for postponement of the effective date of agency action in this case to preserve the status quo pending resolution of this case on the merits.

Accordingly, IT IS HEREBY ORDERED THAT Plaintiff's Motion is GRANTED as follows:

1. The Court concludes that Plaintiff has carried its burden of showing:

(a) likelihood of success on the merits of its claims under the Due Process Clause of the Fifth Amendment to the United States Constitution, Immigration and Nationality Act ("INA"), implementing regulations, and Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(B);

(b) that the Rule applying expedited removal to certain noncitizens arrested anywhere in the country who cannot show "to the satisfaction of an immigration officer" that they have been continuously present in the United States for longer than two years, U.S. Dep't of Homeland Sec., Designating Aliens for Expedited Removal, 90 Fed. Reg. 8,139 (Jan. 24, 2025) ("Rule"), and Guidance implementing the Rule, Memorandum from Benjamine C. Huffman, Acting Sec'y, Dep't of Homeland Sec., to Caleb Vitello, Acting Dir., Immigr. & Customs Enf't, et al., Guidance Regarding How to Exercise Enforcement Discretion (Jan. 23, 2025) ("Guidance"), will cause irreparable harm to Plaintiff absent postponement of the effective dates of those agency actions; and

(c) that the balance of equities and the public interest weigh in Plaintiff's favor. Accordingly, a postponement of agency action pursuant to 5 U.S.C. § 705 of the APA and the inherent equitable powers of this Court is warranted.

2. It is hereby ORDERED THAT the effective dates of implementation and/or enforcement of the Rule and Guidance are hereby immediately postponed and stayed pending resolution of this case on the merits.

**IT IS SO ORDERED.**

Date: _____, 2025                    _____

                                             The Honorable Jia M. Cobb

                                             UNITED STATES DISTRICT JUDGE