IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD, *et al.*,<br><br>   Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>   Defendants. | Case No. 1:25-CV-00190-JMC |

**DEFENDANTS' REQUEST TO STAY THE DEADLINE TO RESPOND TO PLAINITFFS' MOTION**

For the following reasons, Defendants respectfully request that the Court stay Defendants' deadline to respond to Plaintiffs' belated Motion to Postpone Effective Date of Agency Action, ECF No. 50, pending resolution of Defendants' fully briefed motion to dismiss. Defendants conferred with Plaintiffs pursuant to Local Civil Rule 7(m), and Plaintiffs stated that they oppose this request.

On January 22, 2025, Plaintiffs filed a Complaint in this matter, ECF No. 1, and amended their complaint on March 22, 2025. ECF Nos. 27, 28. On May 21, 2025, the parties completed briefing on Defendants' motion to dismiss, which is now pending before this Court. ECF Nos. 37, 44, 46. Defendants argued, *inter alia*, that the Court should dismiss Plaintiffs' case because their claims are barred by binding D.C. Circuit precedent, by the statute of limitations, and because they lack standing to advance certain claims. ECF No. 37 at 11, 15, 21 and ECF No. 46 at 2, 19, 23. Notwithstanding, Plaintiffs now lodge a motion to postpone the effective date of the agency action under 5 U.S.C. § 705 approximately five months after initiating this case. Defendants' deadline to respond to this motion is June 24, 2025. *See* LCvR 7(b). Defendants respectfully request that the Court stay Defendants' response deadline until it decides the fully briefed motion to dismiss for

two reasons. *See Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 248 (D.D.C. 2006) ("It is clear that 'courts possess the inherent authority to stay proceedings in the interests of judicial economy and efficiency.'") (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). *First,* Plaintiffs offer no cogent explanation for their belated request to proceed on an expedited basis to resolve allegations of systemic flaws within expedited removal that they have raised since the outset of this litigation. *Second*, Plaintiffs invite duplicative briefing on substantive issues that are barred at the threshold, as explained in Defendants' motion to dismiss.

Although Plaintiffs argue that relief is warranted under 5 U.S.C. § 705, they waited almost five months to file this motion—a motion they could have lodged along with their amended complaint on March 22, 2025, if not sooner, or cross moved with when opposing Defendants' motion to dismiss. Indeed, in the last iteration of this litigation, Plaintiffs filed two preliminary injunction motions, no later than three days after filing their pleadings. *Make the Road New York et al v. McAleenan et al*, 1:19-cv-02369-JMC, ECF Nos. 13 (preliminary injunction motion filed three days after the complaint filing), 56 (second preliminary injunction request filed the same day as the amended complaint). But here, Plaintiffs' substantial delay in seeking this relief undercuts that they will be "irreparably harmed," that the balance of equities and the public interest favors Plaintiffs, or that the relief they presently seek is at all appropriate. *See Fund for Animals v. Frizzell*, 530 F.2d 982, 986 (D.C. Cir. 1975) (finding that a delay of 45 days before bringing action for injunctive relief was 'inexcusable,' and 'bolstered' the 'conclusion that an injunction should not issue,' particularly where the party seeking an injunction had knowledge of the pending nature of the alleged irreparable harm.); *Western Watersheds Project v. Bernhardt*, 468 F. Supp. 3d 29, 50 (D.D.C. 2020) ("These unexplained delays in seeking emergency relief undermine their contention that they will be irreparably harmed absent an injunction") (collecting cases).

Plaintiffs predicate their application on the notion that:

> In the past weeks, the Trump Administration has utilized the Rule and Guidance on an unprecedented, national scale to sweep into expedited removal people who were already undergoing regular removal proceedings before an immigration judge ("IJ")." With no advance notice to the noncitizens, Defendants are moving for IJs to dismiss people's removal proceedings; arresting and detaining people who have appeared for their court hearings as directed; and placing them in expedited removal proceedings, thereby denying them any meaningful opportunity to be heard before quickly removing them. This aggressive new implementation of the Rule and Guidance has sown fear in immigrant communities, as noncitizens who have been complying with their legal obligations now face the risk of arrest and summary deportation at their next court dates.

ECF 50-1 at 1. But on March 31, 2025[1], when Plaintiffs vehemently opposed Defendants' only extension request to respond to the operative complaint, Plaintiffs similarly argued that the government "has been ramping up enforcement" with respect to expedited removal. ECF No. 33 at 8. And Plaintiffs have been lamenting about what they claim are "systemic flaws" with the expansion of expedited removal throughout this litigation. ECF No. 50-1 at 24; *see* Am. Compl. (ECF No. 27) ¶¶ 51–89; Compl. ¶¶ 50–88; *see also* ECF No. 33 at 4, 8–9 ("The human stakes at issue further support Plaintiffs' proposal. Expanded expedited removal empowers immigration officers to arrest and rapidly deport people with next to no opportunity for review. Particularly given recent events, there is every reason to fear the government will use that power to rapidly secret people out of the country."). Finally, the factual predicates for Plaintiffs' present application occurred on January 23, 2025, and January 28, 2025. Am. Compl. ¶¶ 12, 13, 23. Therefore, Plaintiffs could have moved for this relief sooner than almost five months after they initiated this

---

[1] Plaintiffs complained then too, that this case was not moving fast enough, *see* ECF No. 33, despite the fact that they had failed to move for emergency relief at that stage. ECF No. 34 at 3–4 ("Other than taking a "wait and see" approach, which seems misaligned with Plaintiffs' request for alacrity now, Plaintiffs offer no articulable explanation for amending their complaint on or about March 21, 2025, just three days before Defendants' deadline to respond to the Complaint.").

case, and before the parties completed briefing on Defendants' motion to dismiss. Plaintiffs offer no articulable explanation for their delay or reason for waiting until after Defendants' motion to dismiss was fully briefed before seeking preliminary relief.

Moreover, Defendants' fully briefed motion to dismiss is directly relevant to the issues Plaintiffs raise in their new motion. Defendants maintain that this case is barred by binding D.C. Circuit precedent, *see* ECF No. 36 at 21–24, *see also* ECF No. 46 at 23–25 (citing *Make The Road New York v. Wolf*, 962 F.3d 612 (D.C. Cir. 2020)), because Congress endowed the Secretary with "sole and unreviewable discretion" to expand expedited removal "at any time," 8 U.S.C. § 1255(b)(1)(A)(iii)(I). Likewise, Plaintiffs' claims are time-barred by a statute of limitations that is not subject to equitable tolling, despite Plaintiffs' protestations for the same. That principle has now been twice affirmed by the D.C. Circuit *M.M.V. v. Barr*, 456 F. Supp. 3d 193, 220 (D.D.C. 2020), *aff'd M.M.V. v. Garland*, 1 F.4th at 1109–11 (D.C. Cir. 2021); *American Immigration Lawyers Ass'n v. Reno*, 18 F. Supp. 2d 38, 47 (D.D.C. 1998), *aff'd,* 199 F.3d 1352 (D.C. Cir. 2000). Finally, Plaintiffs lack organizational standing, *see* ECF No. 36 at 11–14, and associational standing to support their Count 6, *see* ECF No. 46 at 21. These threshold jurisdictional arguments, which have been extensively briefed by the parties, warrant dismissal of this case. At a minimum, even if the Court does not dismiss this case in full, resolution of the pending motion to dismiss should substantially narrow the issues and claims in this case.

Therefore, the Court should decide Defendants' motion to dismiss before entertaining Plaintiffs' present application for expedited relief. Indeed, this motion invites duplicative briefing on the issues already before the Court, straining already limited judicial and government resources. For these reasons, the Court should stay Defendants' deadline to respond to Plaintiffs' application (June 24, 2025), in lieu of the pending, fully briefed motion to dismiss before it.

Dated: June 12, 2025						Respectfully submitted,

							BRIAN C. WARD
							Acting Assistant Director

							*/s/ Caroline McGuire*
							CAROLINE MCGUIRE
							NY Bar No. 5854823
							Trial Attorney
							U.S. Department of Justice, Civil Division
							Office of Immigration Litigation
							P.O. Box 868, Ben Franklin Station
							Washington, D.C. 20044
							Tel: (202) 532-4268
							Email: caroline.mcguire@usdoj.gov
							*Attorneys for Defendants*