IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants*. | No. 1:25-cv-00190-JMC |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST TO STAY THE DEADLINE TO RESPOND TO PLAINTIFF'S MOTION**

The Court should deny Defendants' request to stay their deadline to respond to Plaintiff's motion to postpone the effective dates of the Rule and Guidance challenged in this case.

Defendants argue that Plaintiff "offer[s] no cogent explanation for their belated request to proceed on an expedited basis." ECF No. 51 ("Defs.' Mot. to Stay") 2. That completely ignores the clearly-articulated basis for Plaintiff's motion to postpone the Rule and Guidance: Defendants' aggressive new implementation of those policies in just the past couple weeks to arrest, detain, and deport noncitizens at immigration courts and workplaces across the country. *See* ECF No. 50 ("Pl.'s Mot. to Postpone") 8-12 (describing this new initiative). Defendants do not dispute that they have massively ramped up the use of the Rule and Guidance through this new initiative, which is well-documented in both Plaintiff's motion to postpone and in the press. *See, e.g.*, ECF No. 50-12 ¶¶ 3-5 (at immigration courts nationwide); ECF No. 50-9 ¶¶ 5, 8 (New York City and Buffalo); ECF No. 50-8 ¶¶ 4, 7, 10 (New York City); ECF No. 50-10 ¶¶ 6-7 (Chicago); ECF No. 50-11 ¶ 4 (Seattle); ECF No. 50-14 ¶ 15 (San Antonio); ECF No. 50-15 ¶¶ 1-3 (Miami); ECF No. 50-23 at

1

282 (describing this "significant break from past practice"); *id.* 280-305 (collecting news articles). Nor do Defendants credibly dispute that, absent interim relief, this aggressive new application of the policies will cause irreparable harm to Plaintiff Make the Road New York's members, who face arrest, detention, and deportation within a matter of days—including to countries where they fear persecution—at their upcoming court dates. *See* Pl.'s Mot. to Postpone 41-42; ECF No. 50-2 ¶¶ 20-25 (describing members who are subject to the Rule and the Guidance, some of whom have upcoming court dates and one of whom is in removal proceedings that Defendants have already moved to dismiss); *id.* ¶ 29 (explaining that "the campaign to target individuals attending their immigration court proceedings for placement into expedited removal and detention by ICE has sent shock waves through [Make the Road New York's] members and the communities that we serve"); *see also* Pl.'s Mot. to Postpone 10 (describing individuals who were detained and deported "within a matter of days"). The fast-moving developments of recent weeks and the irreparable harm that Make the Road New York's members newly face as a result are ample reason to proceed with briefing on Plaintiff's motion to postpone, which the Court can consider alongside Defendants' pending motion to dismiss. *See infra*.

Indeed, this recent broad scale application of the Rule and Guidance to noncitizens in courthouses across the country is in sharp contrast to the period beforehand, when Plaintiffs had learned of only a handful of applications of the expansion of expedited removal. *See* Pl.'s Mot. to Postpone 8-9.[1] Defendants point out that, "in the last iteration of this litigation, Plaintiffs filed two preliminary injunction motions, no later than three days after filing their pleadings." Defs.' Mot.

---

[1] Defendants contend that, on March 31, 2025, "Plaintiffs similarly argued that the government 'has been ramping up enforcement' with respect to expedited removal." Defs. Mot. to Stay 3. But Plaintiffs never referred to the (at that time nonexistent) campaign to implement the expansion of expedited removal at immigration courthouses across the country, which has occurred only in the last couple weeks.

2

to Stay 2. But in response to those motions, Defendants had argued that Plaintiffs' harms were speculative because the Rule and Guidance had not been widely implemented yet. *See* Defs.' Opp. to Pls.' Mot. for Prelim. Inj. at 6, ECF No. 25, *Make the Rd. N.Y. v. McAleenan*, No. 19-cv-02369 (D.D.C. Aug. 28, 2019) ("Plaintiffs cannot demonstrate that the balance of harms warrants drastic and immediate injunctive relief based on their speculation that expedited removal *could* be applied to *some* of their members at an *unspecified future date*." (emphasis in original)). Had Plaintiff made a similar motion for interim relief before Defendants had widely implemented the Rule and Guidance, Defendants would have almost certainly made the same argument. But now that Plaintiff has instead moved in response to a massive expansion in enforcement, Defendants contend Plaintiff is too late. *See* Defs.' Mot. to Stay 2. Nothing in the Rules authorizes this procedural gamesmanship or entitles a defendant to proceed solely on a motion to dismiss where Plaintiff has moved for interim relief and can show irreparable injury from delayed consideration of its motion.

Defendants' only other argument for staying their response deadline also lacks merit. They argue that their motion to dismiss is "directly relevant to the issues Plaintiff[] raise[s] in their new motion." Defs.' Mot. to Stay 4. As in their motion to dismiss, Defendants assert that "Plaintiffs' case is barred by binding D.C. Circuit precedent[.]" *Id.* But Plaintiff has moved to postpone based on claims that the D.C. Circuit explicitly held were *not* foreclosed. *See* Pl.'s Mot. to Postpone 13-41; *Make the Rd. N.Y. v. Wolf*, 962 F.3d 612, 630-31 (D.C. Cir. 2020) (holding that there is no bar to "claims of legal or constitutional error in the Secretary's rules implementing expedited removal"); ECF No. 44 at 15 (arguing that the D.C. Circuit's decision does not bar Plaintiffs' statutory and constitutional claims in this case).

3

In any event, courts regularly entertain and decide motions for interim relief under 5 U.S.C. § 705 and motions to dismiss concurrently, and to the extent the issues overlap, the Court's decision on one motion can inform its decision on the other. *See Nw. Immigr. Rts. Project v. USCIS*, 496 F. Supp. 3d 31, 44, 82 (D.D.C. 2020) (deciding motion for relief under § 705 notwithstanding previously-filed motion to dismiss); *see also Rai v. Biden*, 567 F. Supp. 3d 180, 202-03 (D.D.C. 2021) (considering together defendants' motion to dismiss and plaintiffs' motion for relief pursuant to 5 U.S.C. § 705), *rev'd and remanded on other grounds sub nom. Goodluck v. Biden*, 104 F.4th 920 (D.C. Cir. 2024); *New York v. DHS*, 475 F. Supp. 3d 208, 231 (S.D.N.Y. 2020) (same); *cf. Butler v. Georgetown Univ.*, No. 22-CV-1517, 2022 WL 17 73479, at *4 (D.D.C. June 1, 2022) (considering together motion to dismiss and motion for preliminary injunction). Defendants identify no reason why this Court could not consider the two motions in this case concurrently. Indeed, any overlap in issues counsels in favor of entertaining the motions concurrently, rather than one at a time.

In sum, Plaintiff's motion to postpone presents significant evidence of the irreparable harm that would result from the continuation of Defendants' rapid-fire arrests, detentions, and deportations of noncitizens without due process. That counsels in favor of the Court receiving full briefing on Plaintiff's motion to postpone without delay.

For all these reasons, the Court should deny Defendants' request to stay.

Dated: June 13, 2025

Cody Wofsy (D.D.C. Bar No. CA00103)
Stephen B. Kang (D.D.C. Bar No. CA00090)
Morgan Russell
Hannah Steinberg
American Civil Liberties Union Foundation
Immigrants' Rights Project

Respectfully submitted,

*/s/ Anand Balakrishnan*_____
Anand Balakrishnan
Michael K.T. Tan (D.D.C. Bar No. NY0636)
Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat
Sidra Mahfooz
Grace Choi

425 California Street, Suite 700
San Francisco, CA 94104
T: (415) 343-0770
F: (332) 220-1702
*cwofsy@aclu.org*
*skang@aclu.org*
*mrussell@aclu.org*
*hsteinberg@aclu.org*

Amy Belsher
Robert Hodgson
New York Civil Liberties Union Foundation
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (332) 220-1702
*abalakrishnan@aclu.org*
*m.tan@aclu.org*
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*smahfooz@aclu.org*
*gchoi@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify on June 13, 2025, I caused a copy of the foregoing to be transmitted to all Defendants through the CM/ECF filing system.

>*/s/ Anand Balakrishnan*
>Anand Balakrishnan
>American Civil Liberties Union Foundation
>Immigrants' Rights Project
>125 Broad Street, 18th Floor
>New York, NY 10004
>(212) 549-2660
>*abalakrishnan@aclu.org*