IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*,<br><br>    Defendants. | Case No. 1:25-cv-00190 (JMC)<br><br>Hon. Jia M. Cobb |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

A hearing on Plaintiffs' motion for a stay of agency action is scheduled for July 9, 2025. Defendants bring to the Court's attention a Supreme Court decision that was issued after Defendants filed their opposition to the Plaintiff's motion for a stay.

In *Trump v. CASA, Inc.*, No. 24A884, 2025 WL 1773631 (U.S. June 27, 2025), the Supreme Court addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against *anyone*," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. *Id.* at *1 (emphasis in original). The Supreme Court explained that "Congress has granted federal courts no such power," *id.* at *6, as universal injunctions have no historical analogue in equity practice, *id.* at **5-11.

Instead, the governing principle is that a court granting equitable relief "may administer complete relief *between the parties*." *Id.* at *11 (quotation omitted) (emphasis in original). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief *to the plaintiffs before the court*." *Id.* (emphasis in original). And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." *Id.* at *12. Thus, "the broader

and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id.* (quotation omitted). These principles are relevant to Defendants' scope-of-relief argument. *See* Defs' Opp. (ECF No. 56) at 55 n.15.

Finally, regarding irreparable harm, the Court explained: "[w]hen a federal court enters a universal injunction against the Government, it improperly intrudes on a coordinate branch of the Government and prevents the Government from enforcing its policies against nonparties," and that intrusion is sufficient to demonstrate irreparable harm warranting a stay. *CASA, Inc.*, No. 24A884, 2025 WL 1773631 at *14 (cleaned up). This analysis is relevant to the balancing-of-harms issue. *See* Defs' Opp. at 51–55.

Dated: July 4, 2025

          Respectfully submitted,

          */s/ Caroline McGuire*
          CAROLINE MCGUIRE
          (N.Y Bar No. 5854823)
          Trial Attorney
          U.S. Department of Justice, Civil Division
          Office of Immigration Litigation
          General Litigation and Appeals Section
          P.O. Box 868, Ben Franklin Station
          Washington, D.C. 20044
          *Attorney for Defendants*

\