IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MAKE THE ROAD NEW YORK, et al.,<br><br>                              *Plaintiffs*,<br><br>        v.<br><br>KRISTI NOEM, Secretary of the U.S. Department<br>of Homeland Security, in her official capacity, et al.,<br><br>                              *Defendants*. | No. 1:25-cv-00190-JMC |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
THE COURT'S AUGUST 29, 2025 ORDER GRANTING STAY OF AGENCY ACTION**

      Defendants' motion for a stay pending appeal should be denied. The motion "reiterates arguments" that this Court has already rejected after full briefing and does not meet the "burden of showing that the circumstances meet justify the extraordinary remedy of a stay." *See* Order 1, *Coal. for Humane Immigrant Rts. v. Noem* ("*CHIRLA*"), No. 25-cv-872 (JMC) (D.D.C. Aug. 13, 2025), ECF No. 49 (cleaned up); *see also Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 904 F.3d 1014, 1017 (D.C. Cir. 2018) (per curiam) (describing a stay pending appeal as an "extraordinary" remedy). The motion also fails each of the elements required for a stay pending appeal: Defendants have not shown that they are likely to succeed on the merits of their appeal, that they will be irreparably injured before the appeal concludes, that a stay will not substantially injure other parties, and that the public interest favors a stay. The Court therefore should deny Defendants' motion to stay.

      First, Defendants repeat their arguments that the challenge is jurisdictionally barred, citing the 60-day time bar at 8 U.S.C. § 1252(e)(3). Defs.' Mot. to Stay 3, *Make the Road N.Y. v. Noem*,

1

No. 25-cv-190 (JMC) (D.D.C. Sept. 2, 2025), ECF No. 67 ("Mot."). But as the Court explained, Plaintiff's challenges are timely because "they were brought within 60 days of the Government's issuance of the 2025 Designation and the Huffman Memorandum." Mem. Op. 19, *Make the Road N.Y. v. Noem*, No. 25-cv-190 (JMC) (D.D.C. Aug. 29, 2025), ECF No. 64 ("Op."). Defendants contend that, "[e]ven if the Court does not use the statute's initial implementation as the triggering date, it is undisputed that the expansion of expedited removal was 'first implemented' on July 23, 2019[,]" pursuant to the 2019 Designation. Mot. 4. But § 1252(e)(3) specifically authorizes challenges to "a written policy directive, written policy guideline, or written procedure issued by or under the authority of the [Attorney General] to implement [§ 1225(b),]" and the 2025 Designation is precisely such a writing. *Make the Road N.Y. v. Wolf*, 962 F.3d 612, 625 (D.C. Cir. 2020). Indeed, it is a distinct final agency action: It "mark[ed] the 'consummation' of the agency's decisionmaking process" and resulted in "rights or obligations [being] determined[.]" *Bennett v. Spear*, 520 U.S. 154, 178 (1997).

Second, on the merits, Defendants simply seek to relitigate arguments already rejected. *Compare* Mot. 7-13, *with* Defs.' Opp'n 26-39, *Make the Road N.Y. v. Noem*, No. 25-cv-190 (JMC) (D.D.C. June 24, 2025), ECF No. 56. Defendants rely, as they did in their briefing and at argument, on the Supreme Court's decision in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), to assert that noncitizens have only those rights afforded by statute. But as the Court held, after two rounds of briefing, Defendants' "reading of *Thuraissigiam* is untenable." Op. 23. For more than a century, the Supreme Court has held that "those who have entered the United States have a liberty interest in remaining" and "not departed from the settled principle." *Id.* The Supreme Court in *Thuraissigiam* did not overturn more than a century of precedent, as Defendants appear to claim; it merely held that noncitizens "in [the] respondent's position"—those detained

2

close to the border "shortly after unlawful entry"—have not yet "effected an entry." 591 U.S. at 140.

Similarly unavailing is Defendants' contention that the Court erred in applying the *Mathews* test to determine that procedures afforded are insufficient. Defendants do not engage with the "substantial evidence" the Court relied on in assessing the risk of error. Op. 29. Instead, Defendants repeat their position that "[e]ven if some individuals subject to the 2025 Designation may experience difficulties asserting an intention to apply for asylum or fear of persecution, that does not render the statutory scheme facially unconstitutional." Mot. 11-12. But as the Court explained: "It is no defense to a procedural due process claim to argue that *in some individual cases* the Government reaches the right answer *despite* the procedural flaws. The whole point of procedural due process rules is that they help to *minimize* substantively unfair or mistaken deprivations of life, liberty, or property." Op. 40 n.18 (internal citations and quotation marks omitted).

And significantly, the Court made clear that its ruling does not "bar[] the Government from subjecting the group of people affected by the 2025 Designation to expedited removal." Op. 40. Rather, the Court held "only that Make the Road has made a sufficiently strong showing that the procedures *currently in place* likely do not afford those affected by the 2025 Designation with an adequate opportunity to challenge their removal." *Id.* at 40-41 (internal citations and quotation marks omitted). As the Court explained, the government "remains free to issue new rules or guidance implementing any of the modest procedural safeguards Make the Road has identified (or indeed others it chooses) to ensure that this same class of people can be subjected to expedited removal through constitutionally adequate procedures." *Id.* at 41.

Third, Defendants repeat their arguments that that Section 705 relief is barred by 8 U.S.C. § 1252(f)(1) and 8 U.S.C. § 1252(e)(1), and that Section 705 prohibits stays of agency action that

3

has gone into effect.  Mot. 6-7, 13-14.  But the Court has been presented with briefing on this question in two separate cases, and correctly concluded otherwise.  *See* Op. 19; *see also CHIRLA*, No. 25-cv-872, 2025 WL 2192986, at *13-16 (D.D.C. Aug. 1, 2025) (collecting cases).

Fourth, Defendants argue that the Court improperly weighed the equities.  Mot. 14-16.  But the Court fully acknowledged "the Government's interest in enforcing immigration laws in the interior" and found it outweighed by the harm to the Plaintiff and the public interest in administering removal proceedings in a manner consistent with the Constitution.  Op. 46.  Defendants offer no persuasive reason for the Court to reconsider its determination.  They similarly fail to show that they will be irreparably injured before the appeal concludes absent a stay or that a stay will not "substantially injure the other parties," *Nken v. Holder*, 556 U.S. 418, 434 (2009), particularly given the risk of irreparable harm Plaintiff faces as this Court held.  Op. 41-44.

Finally, Defendants argue that the stay is overbroad.  Mot. 16-18.  But, again, these arguments have been presented and correctly rejected by the Court.  "This Court and courts in this and other circuits have" held that relief under section 705, like vacatur under section 706, applies to the agency action under review rather than merely "exempting plaintiffs from the agency action."  Op. 47 (citing cases).  This reasoning "track[s] the text of section 705, which authorizes the reviewing court to 'postpone the effective date of an agency action or preserve status or rights' full stop, not only as to the plaintiffs before the court."  *Id.* (citing *CHIRLA*, 2025 WL 2192986, at *37 (collecting cases)).

Nor does *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025), counsel in favor of more limited relief as Defendants claim.  Mot. 17-18.  As this Court explained in *CHIRLA*, the Supreme Court in *CASA* "expressly reserved the question of relief under section 706[,]" *CHIRLA*, 2025 WL 2192986, at *38 (citing *CASA*, 145 S. Ct. at 2554 n.10), and Justice Kavanaugh's concurrence therefore "highlighted that, even after *CASA,* 'plaintiffs may ask a court to preliminarily "set aside"

4

a new agency rule' 'in cases under the Administrative Procedure Act,'" *id.* (quoting *CASA*, 145 S. Ct. at 2567 (Kavanaugh, J., concurring)). "[T]he Court has the power to do so under current precedent." *Id.*

## CONCLUSION

For the foregoing reasons, Defendants' motion should be denied.

Dated: September 4, 2025

Cody Wofsy (D.D.C. Bar No. CA00103)
Stephen B. Kang (D.D.C. Bar No. CA00090)
Morgan Russell
Hannah Steinberg
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
*cwofsy@aclu.org*
*skang@aclu.org*
*mrussell@aclu.org*
*hsteinberg@aclu.org*

Amy Belsher
Robert Hodgson
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

Respectfully submitted,

*/s/ Anand Balakrishnan*
Anand Balakrishnan
Michael K.T. Tan (D.D.C. Bar No. NY0636)
Lee Gelernt (D.D.C. Bar No. NY0408)
Omar C. Jadwat
Sidra Mahfooz
Grace Choi
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
*abalakrishnan@aclu.org*
*m.tan@aclu.org*
*lgelernt@aclu.org*
*ojadwat@aclu.org*
*smahfooz@aclu.org*
*gchoi@aclu.org*

Arthur B. Spitzer (D.C. Bar No. 235960)
Aditi Shah (D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Anand Balakrishnan*
Anand Balakrishnan
American Civil Liberties Union Foundation
Immigrants' Rights Project
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
F: (332) 220-1702
*abalakrishnan@aclu.org*