UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD NEW YORK, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, <br><br> Defendants. | Case No. 25-cv-190 (JMC) |

## ORDER

The Government has moved for a stay pending appeal of this Court's August 29, 2025, order granting a stay of agency action under 5 U.S.C. § 705. ECF 67. "A stay pending appeal is an extraordinary remedy." *M.M.V. v. Barr*, 459 F. Supp. 3d 1, 4 (D.D.C. 2020) (citing *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985)). The Court must consider four factors before granting such a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The Government has not met its "burden of showing that the circumstances justify" a stay. *Id.*

The Government rehashes the same merits arguments it previously made. The Court addressed those arguments in its memorandum opinion and for the same reasons it held that Make the Road is likely to succeed on the merits of its due process claim the Court cannot now hold that the Government is likely to prevail in defending against that claim. The Government's inability to show a substantial likelihood of success on the merits is "an arguably fatal flaw for [its] stay application." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 904 F.3d 1014,

1

1019 (D.C. Cir. 2018). Nor has the Government demonstrated a sufficiently "great" irreparable injury to justify a stay. *Cuomo*, 772 F.2d at 976. The Government invokes the Court's claimed "invalidat[ion] [of] a long-established regulation applying expedited removal to the fullest extent authorized by Congress," which, the Government says, "thwarts the Executive Branch's constitutional and statutory responsibility for immigration affairs." ECF 67 at 19–20. That argument is untethered from the Court's order. The Court stayed a *recent*, not "long-established," expansion of expedited removal, left in place the actually long-standing regulations that govern expedited removal near the border, and explained that nothing in its order prevented the Government from applying expedited removal in the interior so long as it did so with constitutionally adequate procedures in place. The Court plainly did not "thwart" the Executive's aim of applying "expedited removal to the fullest extent authorized by Congress." It merely held that the Executive must do so consistent with the Constitution. Finally, as the Court explained in its opinion, the balance of the equities and public interest favor Make the Road.

One additional word on the Government's argument that, under *Trump v. CASA*, the Court's remedy should be limited to Make the Road's "members who the organization can identify as being affected by the challenged agency actions." ECF 67 at 22. The Court has previously explained why *CASA* does not apply to section 705 of the APA. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-cv-872, 2025 WL 2192986, at *38 (D.D.C. Aug. 1, 2025). But even if the Court were to look to the principles articulated in *CASA*, the Court's stay would be no different.

As the Supreme Court explained, courts of equity have long crafted remedies to provide "complete relief" to the parties before them. *Trump v. CASA, Inc.*, 145 S. Ct. 2540, 2556 (2025). The Government has put forward only one possible narrower remedy that it thinks accomplishes that end, demanding that Make the Road "identify" its members that are "affected by the

2

challenged agency actions" and that the Court limit its remedy to those members. ECF 67 at 21–22; *see* ECF 56 at 67 n.15 (proposing same). But as Make the Road's declarations make clear, requiring the organization to identify its members puts those members at risk of "retaliation," and indeed might lead to their placement in removal proceedings. ECF 50-2, Fontaine Decl. ¶ 27. Make the Road has also explained why it would have difficulty promptly reaching its members (as it would need to do before disclosing personal information) given that its membership is drawn from "low-income and working communities" where people often "change phone numbers and addresses." *Id.* ¶ 14. And Because Make the Road does not "collect immigration status information" from its members, *id.* ¶ 15, the organization likely cannot exhaustively list those that might be "affected by the challenged agency actions," as the Government insists it must. Even setting aside these practical hurdles, requiring Make the Road to disclose its membership would raise serious constitutional questions. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958) (court order requiring NAACP to disclose its membership violated members' constitutional rights). The Court cannot condition the assertion of due process rights on the relinquishment of another constitutional right. *Cf. Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 606 (2013) (describing "the unconstitutional conditions doctrine"). The only narrower remedy that the Government has proposed, then, is unworkable given the facts of this case.

      **ORDERED** that the Government's motion to stay the Court's August 29, 2025, order granting a stay of agency action under 5 U.S.C. § 705, ECF 67, is **DENIED**.

      **SO ORDERED.**

      _____
      JIA M. COBB
      United States District Judge

Date: September 5, 2025