# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MAKE THE ROAD NEW YORK, et al.,

        *Plaintiffs*,

    v.

KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al.,

        *Defendants*.

No. 1:25-cv-00190

## PLAINTIFFS' MOTION TO CONSOLIDATE CASES

Pursuant to Federal Rule of Civil Procedure 42, Plaintiffs move to consolidate the present case with a newly filed action, *Make the Road New York v. Noem*, No. 1:25-cv-04455 (D.D.C.) ("*MRNY III*").[1] One of the three plaintiffs here (Make the Road New York, or "MRNY") is the plaintiff in that case; the defendants in the two actions are the same; counsel in both cases are the same; and the two cases present challenges to written policies, procedures, or guidelines concerning the decision to expand the application of the expedited-removal scheme codified in the Immigration and Nationality Act.

The present action challenges the lawfulness of a Designation issued January 21, 2025, and Guidance issued January 23, 2025, that together govern the implementation of the expanded expedited removal program. *MRNY III* challenges a new Guidance that was made publicly available for the first time on October 20, 2025, as well as undisclosed policies, and concerns the

---

[1] Plaintiffs label that case "MRNY III" to distinguish it from the present case, *Make the Road New York v. Noem*, No. 1:25-cv-00190 (D.D.C.) ("*MRNY II*").

implementation of that same expansion. Because timely action on an opposed motion for leave to amend could not be guaranteed, Plaintiffs filed their claims against the February 28 Guidance in a separate lawsuit, in an abundance of caution, to assure that those claims were filed within 60 days of the Guidance's first public disclosure. *See* 8 U.S.C. § 1252(e)(3). Defendants have indicated that they oppose this Motion.

## BACKGROUND

On January 21, 2025, the Department of Homeland Security issued a notice authorizing the expedited removal of certain noncitizens arrested anywhere in the country who cannot show "to the satisfaction of an immigration officer" that they have been continuously present for at least two years. *Designating Aliens for Expedited Removal*, 90 Fed. Reg. 8139, 8139 (Jan. 24, 2025) (the "Designation"). The following day, MRNY filed *MRNY II* in this Court challenging that Designation on due process and statutory grounds. In March, MRNY filed an amended complaint; Defendants' motion to dismiss the amended complaint remains pending.

On June 10, 2025, MRNY filed a motion under 5 U.S.C. § 705 of the Administrative Procedure Act to postpone the effective date of the expansion stated in the Designation and in Guidance implementing that Designation. *See* Memorandum from Benjamine C. Huffman, Acting Sec'y, Dep't of Homeland Sec., to Caleb Vitello, Acting Dir., Immigr. & Customs Enf't, et al., Guidance Regarding How to Exercise Enforcement Discretion (Jan. 23, 2025) (the "January 23 Guidance"). A key question presented by that motion was the adequacy of the procedures attendant to Defendants' expansion of expedited removal. On August 29, 2025, the Court granted that motion. *See MRNY II,* ECF 64, 65. Defendants appealed that decision; the court of appeals heard argument on December 9, 2025, and the appeal remains pending.

In their opening brief on the merits in the D.C. Circuit, filed on October 20, 2025, Defendants for the first time disclosed an additional "Guidance" document regarding the implementation of the expanded expedited removal program. Brief for Appellants at 10, 50, *Make the Road New York v. Noem*, No. 25-5320 (D.C. Cir. Oct. 20, 2025) (citing *Implementation Guidance for January 2025 Federal Register Notice, Designating Aliens for Expedited Removal*, U.S. Immigr. & Customs Enf't (Feb. 28, 2025) (the "February 28 Guidance"), *available at* https://perma.cc/F32Y-NJ8R). The February 28 Guidance was made publicly available for the first time that same day. *See* FOIA ICE Library, U.S. Immigr. & Customs Enf't, https://perma.cc/R5U9-WFAE (captured Nov. 1, 2025).

Plaintiff MRNY has now filed *MRNY III*, alleging that the February 28 Guidance as well as other undisclosed written policies are unlawful because they fail to provide sufficient procedures to guard against erroneous placement into expedited removal. *See* 8 U.S.C. § 1252(e)(3)(A)(ii), (B) (requiring a challenge to a "regulation, or a written policy directive, written policy guideline or written procedure" to be filed within "60 days after the date the challenged section, directive, guideline, or procedure . . . is first implemented").

**LEGAL STANDARD**

Consolidation is "a valuable and important tool of judicial administration." *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (quoting *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999)). Federal Rule of Civil Procedure 42(a) provides that a district court may consolidate separate actions or proceedings if those actions "involve a common question of law or fact." The decision whether to consolidate lies "within the broad discretion of the trial court." *Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002). In determining whether to consolidate, district courts "weigh the risk of prejudice and confusion wrought by consolidation

against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Singh v. Carter*, 185 F. Supp. 3d 11, 18 (D.D.C. 2016).

## ARGUMENT

Application of the above standards supports consolidating these actions. The newly filed *Make the Road* case and the present case involve "common question[s] of law or fact." Fed. R. Civ. P. 42(a). MRNY's claims in each action are against the same Defendants. Both actions challenge the decision to expand expedited removal without adequate procedural safeguards and will require consideration of similar legal issues and the resolution of common factual questions throughout the course of the litigation. The claims in each action are almost identical and rely on the same underlying legal theories. And both actions seek the same forms of relief: inter alia, vacatur of the challenged written policies, guidelines, or procedures. In the present case, Plaintiffs challenge and seek relief from the Designation and the January 23 Guidance, and in *MRNY III*, MRNY challenge and seek relief from the recently disclosed February 28 Guidance and other undisclosed guidance.

That *MRNY II* involves additional plaintiffs or that the procedural posture of the two cases is distinct should not give this Court pause in granting the present motion. "[T]he fact that the actions are at different stages of trial preparation does not preclude consolidation automatically." 9A Wright & Miller's Fed. Prac. & Proc. § 2383 (3d ed.). And cases may be consolidated even where "the plaintiffs are different but are asserting identical questions of law against the same defendant[s]." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011). No answer has yet been filed, the administrative record has not yet been certified, and there has been no discovery. The two cases will necessarily require

4

consideration of nearly identical legal issues. Indeed, the ruling of the D.C. Circuit in the pending appeal will likely bear on the adjudication of both cases, and consolidation will prejudice neither the parties nor the Court. To the contrary, consolidation will conserve judicial resources by coordinating the proceedings and eliminating the need for duplicative briefing. *Steele v. United States*, No. 14–cv-1523, 2015 WL 4121607, at *2 (D.D.C. June 30, 2015) (consolidating cases where doing so "promote[s] convenience and judicial economy, simplif[ies] management of the cases, and . . . conserve[s] judicial resources").

## CONCLUSION

For the above reasons, this Court should grant Plaintiffs' motion to consolidate *Make the Road New York v. Noem*, No. 1:25-cv-00190 (D.D.C.) with *Make the Road New York v. Noem*, No. 1:25-cv-04455 (D.D.C.).

Dated: December 24, 2025

Respectfully submitted,

/s/ Anand Balakrishnan
Anand Balakrishnan
*Counsel of Record*
Grace Choi
Sidra Mahfooz
Omar C. Jadwat
Lee Gelernt (D.D.C. Bar No. NY0408)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2660
abalakrishnan@aclu.org
gchoi@aclu.org
smahfooz@aclu.org
ojadwat@aclu.org
lgelernt@aclu.org

Arthur B. Spitzer (D.D.C. Bar No. 235960)
Aditi Shah (D.D.C. Bar No. 90033136)

Morgan Russell
Hannah Steinberg
Michael K.T. Tan (D.D.C. Bar No. NY0636)
Cody Wofsy (D.D.C. Bar No. CA00103)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
425 California Street, Suite 700
San Francisco, CA 94104
(415) 343-0770
mrussell@aclu.org
hsteinberg@aclu.org
m.tan@aclu.org
cwofsy@aclu.org

Lucia Goin (D.D.C. Bar No. 1739389)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
915 15th Street NW
Washington, DC 20005

(212) 549-2500
*lgoin@aclu.org*

Amy Belsher
Robert Hodgson
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs*