IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Defendants. | Case No. 1:25-CV-00190-JMC |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO CONSOLIDATE AND OBJECTION TO NOTICE OF RELATEDNESS**

On August 29, 2025, this court granted Plaintiff's 5 U.S.C. § 705 stay motion, concluding that it was likely to succeed on its due-process claim. ECF Nos. 64, 65. On September 5, 2025 this court denied Defendants' motion for a stay pending appeal. ECF No. 70. Defendants appealed this court's August 29, 2025 Order to the D.C. Circuit, and completed emergency stay briefing, as well as merits briefing. *Make The Road New York, et al. v. Kristi Noem, et al.*, No. 25-5320 (D.C. Cir. Sept. 5, 2025). In Defendants' opening merits brief, they cited Guidance issued by the Former Acting Director of ICE, Caleb Vitello, entitled "Implementation Guidance for January 2025 Federal Register Notice, Designating Aliens for Expedited Removal," dated February 28, 2025 ("2025 Guidance"). Brief for Petitioner-Appellant at 10, *Make the Road v. Noem, et al.*, No. 25-5320 (D.C. Cir. Oct. 20, 2025). The D.C. Circuit held argument on Defendants' merits briefing on December 9, 2025, and a decision from the D.C. Circuit is pending. *Id.*

On December 19, 2025, Plaintiff filed another lawsuit, *Make the Road v. Noem, et al.*, 25-cv-04455(JMC), ECF. No. 1, (D.D.C.) ("MRNY II Compl.") challenging the 2025 Guidance. Plaintiff likewise filed a Notice of Related Case, linking that new case to this one. *Id.* at ECF No. 2. Plaintiff now files a motion to consolidate these two matters. ECF No. 72. Defendants oppose

Plaintiff's motion to consolidate cases and object to their Notice of Related Cases. This Court should decline to consolidate these matters because neither case is a candidate for that relief. First, the divergent procedural postures of each case would certainly delay resolution of this case. Second, each suit attacks different agency actions, which present at least two different questions, and Plaintiff's new challenge ultimately will not change the implementing features of the 2025 Designation. Moreover, this Court should not relate Plaintiff's new case to this case. Instead, Plaintiff's new case should be transferred to the Calendar and Case Management Committee for random reassignment pursuant to Local Civil Rule 40.5(c).

**Defendants' Opposition to Plaintiff's Consolidation Motion.** Federal Rule of Civil Procedure 42 provides that if "actions before the court involve a common question of law or fact, the court may … consolidate the actions." FED. R. CIV. P. 42(a)(2). Plaintiff has the burden to demonstrate that consolidation is warranted, *Drabkin v. Midland-Ross Corp. (In re Auto-Train Corp.)*, 810 F.2d 270, 276 (D.C. Cir. 1987), and this court has broad discretion to decide whether to consolidate cases under Rule 42. *Klayman v. Judicial Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017). "[C]ourts weigh considerations of convenience and economy against considerations of confusion and prejudice." *Id.* (quoting *Chang v. United States*, 217 F.R.D. 262, 265 (D.D.C. 2003)). Consolidation may be suitable for actions that involve the same parties, are likely to involve the same witnesses, and arise from the same facts. *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009). However, if the procedural posture and the allegations in each case are different, consolidation is not appropriate. *See Stewart v. O'Neill*, 225 F. Supp. 2d 16, 21 (D.D.C. 2002) (holding that "judicial efficiency would not be served" by the consolidation of three cases in "vastly different procedural postures").

Additionally, consolidation is apt for two cases that involve review of the same underlying decision. *Biochem Pharma v. Emory Univ.*, 148 F. Supp. 2d 11, 13 (D.D.C. 2019). Whether the decisions are the same depends on whether they are supported by the same administrative record. *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011) (finding consolidation appropriate where the cases involved "the same administrative record"). That uniformity determines whether the "operative facts" underlying each agency decision are the same. *Steele v. United States*, No. CV 14-1523, 2015 U.S. Dist. LEXIS 85018, 2015 WL 4121607, at *2 (D.D.C. June 30, 2015) (finding consolidation appropriate where there were "similar operative facts" involving government actions). Finally, consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Millers Capital Ins. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 208 (D.D.C. 2022) (citation omitted) (internal quotation marks omitted). "Rather, consolidation is a purely ministerial act which […] relieves the parties and the Court of the burden of duplicative pleadings and Court orders." *New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002).

In this new complaint, Plaintiff challenges the 2025 Guidance, alleging that it violates the Due Process Clause of the Constitution, MRNY II Compl. ¶¶ 118-120 (Count 1). Plaintiff also claims that it contravenes the APA because it is "not in accordance with law" and is in "excess of statutory… authority," *id.* ¶¶ 121-127 (Counts 2 and 3), is arbitrary and capricious *id.* ¶¶ 128-129 (Count 4), and did not undergo the notice and comment process, *id.* ¶¶ 130-133 (Count 5). Moreover, Plaintiff claims the 2025 Guidance violates the INA "[b]y authorizing and directing the expedited removal of such noncitizens who have filed affirmative applications for asylum[.]" *Id.* ¶¶ 134-136. In its existing lawsuit, Plaintiff roots its claims in the same causes of action as its new

lawsuit, but that existing lawsuit challenges different agency action: namely the 2025 Designation expanding expedited removal[1] and the Huffman Memorandum.[2] *See* Am. Compl. (ECF No. 27) ¶¶ 107-128. Defendants' motion to dismiss on those claims is pending with this Court. ECF Nos. 36, 44, 46. This existing lawsuit, where Plaintiff challenges the existence of procedures, is more procedurally developed than Plaintiff's brand-new action, which attacks the sufficiency of procedures afforded. Plaintiff has simply not met its burden to prove that consolidation is warranted here.

Plaintiff challenges a different agency action in its new case than it does in this existing case. This difference weighs against consolidation. The 2025 Guidance is addressed to Immigration and Customs Enforcement (ICE), one component within DHS, whereas the 2025 Designation concerns policy implemented by DHS writ large. *See Roseberry-Andrews v. Dep't of Homeland Sec.*, 299 F. Supp. 3d 9, 33 (D.D.C. 2018). And while Plaintiff roots its claims in the same legal authorities, the nature of the two lawsuits is different, because the core issues are different. The fact that Plaintiff filed an entirely new lawsuit, as opposed to amending its operative complaint in this case, is telling. In its original case, Plaintiff attacked the 2025 Designation by arguing that the Government's lack of procedures to implement the 2025 Designation violated constitutional Due Process. Am. Compl. ¶¶ 107-128. Now, Plaintiff challenges the quality of the processes implementing the 2025 Designation, MRNY II Compl. ¶¶ 9, 27-32, 118-136. The fact that Plaintiff challenges different agency action is significant, because it changes the questions

---

[1] *Designating Aliens for Expedited Removal*, 90 Fed. Reg. 8139 (Jan. 24, 2025).
[2] On January 23, 2025, the then-Acting Secretary published an internal memorandum entitled, "Guidance Regarding How to Exercise Enforcement Discretion," explaining "how to exercise enforcement discretion in implementing these policies." Memorandum from Benjamine C. Huffman, Acting Secretary to [Senior DHS Officials] re *Interim Policy Changes Regarding Charging, Sentencing, And Immigration Enforcement* (Jan. 23, 2025) ("Huffman Memo").

4

presented in each case. One lawsuit challenges the existence of procedures, and one challenges the sufficiency of those procedures. And just because Plaintiff's new case is borne out of implementing procedures for agency action in its original case does not necessarily liken these two cases or mean that consolidation is warranted. In furtherance of the fact that each agency action remains separate, they are predicated on different administrative records.

Likewise, a challenge to the 2025 Guidance does not eliminate the 2025 Designation or expedited removal. These are separate agency actions. Indeed, the statutes and procedures underlying the 2025 Designation and expedited removal still exist regardless of whether the agency issues the 2025 Guidance. *See* ECF No. 36 at 5-6 (explaining the statutes and regulations underlying expedited removal). If the regulations provide independent authority for DHS to apply and expand expedited removal, it is unclear how challenging the 2025 Guidance would provide Plaintiff with any effective relief. It is true that the decades old regulations are in no way contingent on the agency guidance issued earlier this year. And Plaintiff has not pleaded that a challenge to the 2025 Guidance would cause DHS *not* to apply expedited removal or expand it to its statutory limits. *See Scenic Am. v. DOT*, 836 F.3d 42, 52 (D.C. Cir. 2016) ("However, Scenic has introduced no evidence suggesting that Texas, or the Texas Division Office, would behave any differently in the absence of the 2007 Guidance."). That is why Plaintiff filed this lawsuit, challenging the 2025 Designation and the attendant authority underlying it.

Consolidation also makes little sense procedurally. It is a tool used to further judicial economy and avoid duplicative proceedings. *Hanson*, 257 F.R.D. at 21. But consolidating two cases in disparate procedural postures, challenging different agency actions, is less likely to promote these objectives. Plaintiff even acknowledges as much. *See* ECF No. 72 at 4 ("That *MRNY II* involves additional plaintiffs or that the procedural posture of the two cases is distinct should

not give this Court pause in granting the present motion.") (emphasis in original). The competing procedural postures here signal that consolidation will delay resolution of Plaintiff's original case. Plaintiff's original case is further along in every respect—it was filed almost a year ago and has progressed significantly in litigation. This Court granted Plaintiff's Motion for a Stay of Agency Action under 5 U.S.C. § 705. ECF Nos. 64, 65. Subsequently, the matter has been the subject of extensive proceedings in the D.C. Circuit, including briefing to stay this Court's Stay Order, and merits briefing on the same. The case has been submitted to the D.C. Circuit on the merits and is pending a decision. In the District Court, Defendants have a fully briefed pending motion to dismiss before this Court. ECF Nos. 36, 44, 46. Plaintiff starts anew in this case. In fact, the new case is pre-answer and pre-service of the Complaint. *Make the Road v. Noem, et al.*, 25-cv-04455 (JMC). Consolidation of these matters would certainly delay resolution of Plaintiff's original case as it is much more developed procedurally. *Singh v. Carter*, 185 F. Supp. 3d 11, 26 (D.D.C. 2016) (finding that after the Court resolved plaintiff's preliminary injunction motion, "[t]his case is, thus, well on the way to complete resolution, while [another case] is in an earlier stage, and consolidation is likely to delay the final resolution of this case."). What's more, Plaintiff's new case is eligible for dismissal on jurisdictional grounds. *See* ECF No. 72 at 3 (citing 8 U.S.C. § 1252(e)(3)(A)(ii), (B)). Thus, the government will be prejudiced if it must wait to file a motion to dismiss until resolution of the merits briefing in the D.C. Circuit. *See* WAGSTAFFE PRAC GUIDE: FED CIVIL PROC BEFORE TRIAL § 29-II (2025) ("Because jurisdiction is determined at the time of filing and the actions remain separate, consolidation does not create or eliminate subject matter jurisdiction.") (collecting cases). Accordingly, this Court should decline to consolidate these matters.

***Defendants' Objection to Plaintiff's Notice of Relatedness.*** The standard to relate two cases is similar to the standard for consolidation. "The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The random-assignment default rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id.* To deviate from the default, a party must show that an exception under Local Civil Rule 40.5—which "rests primarily on considerations of judicial economy"—applies. *Tripp*, 196 F.R.D. at 202. "The party requesting the related-case designation bears the burden of showing that the cases are related" under Local Civil Rule 40.5(a)(3). *Trump v. Comm. on Ways & Means ("Ways & Means")*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019). That subsection provides in relevant part that civil cases are "deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." LCvR 40.5(a)(3). *See also Wilderness Soc'y v. Bernhardt*, No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020). Plaintiff claims its new case is related to this case because it involves common issues of fact. *Make the Road v. Noem, et al.*, 25-cv-04455(JMC), ECF. No. 2, (D.D.C.). But Make the Road has not carried its burden here to demonstrate its eligibility for relatedness under Local Civil Rule 40.5.

To the extent there are overlapping background facts among the cases, Local Civil Rule 40.5 "offers no guidance about how much factual overlap is needed, how similar the underlying facts must be, or what constitutes an event" to warrant a relatedness determination. *Ways & Means*, 391 F.Supp.3d at 96. As in *Ways & Means*, this case may be considered related in the "colloquial[]" sense but the standard under Local Civil Rule 40.5 is far stricter. Because "[s]crupulous adherence

7

to Local Rule 40.5 is important . . . particularly . . . in high-profile, political cases," the *Ways & Means* Court ultimately assessed the question to be whether the Court could "foresee a significant savings of judicial resources in keeping both cases assigned to the same judge." *Id.* at 97. Because the Court could not, whatever superficial relatedness the cases might have had was insufficient. *See id.*

When assessing whether relating two cases will promote judicial economy, it is important to consider the likely course Plaintiff's new case will follow. Plaintiff's Notice of Related Cases lists this case for relation, *Make the Road v. Noem, et al.*, 25-cv-04455(JMC), ECF. No. 2, (D.D.C.), and in this case, Plaintiff sought preliminary relief. ECF No. 50-1. When it made that application, it presented fact-specific declarations to the Court in an attempt to satisfy the standard for preliminary relief. *Id.* Although Plaintiff has not sought the same preliminary relief in its new case, its Complaint seeks injunctive relief, MRNY II Compl. at 34, and so Plaintiff can be expected to follow suit procedurally in its new case. To the extent Plaintiff presents facts to try to satisfy the standard for preliminary relief in its new case, those facts necessarily will differ from those presented in this case. That is because, as explained *supra* at 3-4, these cases present two different legal questions, which also militates against treating them as related. *See Comm. on the Judiciary v. McGahn*, 391 F. Supp. 3d 116, 121-22 (D.D.C. 2019) ("The principle behind the related case rule is that in certain instances, the strong presumption of random case assignment is outweighed by the interests of judicial efficiency in narrow circumstances, such as when virtually identical and highly overlapping issues of fact are likely to be resolved in two cases."). Accordingly, the interests of judicial economy counsel against carving out an exception to the random assignment rule in this case. Plaintiff is no more prejudiced by a random assignment of its case than the typical plaintiff who files a case in this district. Indeed, "[t]hough the goal of each Plaintiff [may be] the same[,]. .

. sharing the same litigation purpose is not enough to make the cases related." *G.Y.J.P. v. Wolf*, Civ. A. No. 20-1511 (TNM), 2020 U.S. Dist. LEXIS 129513, at *5 (D.D.C. July 21, 2020). Thus, Defendants object to Plaintiff's Notice of Related Case.

## CONCLUSION

Accordingly, for all of the foregoing reasons, this Court should deny Plaintiff's motion to consolidate these cases and should affirm Defendants' objection to Plaintiff's related case Notice and transfer the case for random reassignment pursuant to Local Civil Rule 40.5(c).

Dated: January 7, 2026

                                                Respectfully submitted,

                                                BRETT A. SHUMATE
*Assistant Attorney General*
*Civil Division*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

TYLER J. BECKER
*Counsel to the Assistant Attorney General*

JOSEPH A. McCARTER
ELISSA P. FUDIM
Trial Attorneys

*/s/ Caroline McGuire*
CAROLINE MCGUIRE
NY Bar No. 5854823
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 532-4268
Email: caroline.mcguire@usdoj.gov
*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MAKE THE ROAD, *et al.*,

    Plaintiff,

v.

KRISTI NOEM, *et al.*,

    Defendants.

Case No. 1:25-CV-00190-JMC

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion to Consolidate Cases (ECF No.72), and Defendants' Opposition to the same (ECF No. 73), it is hereby **ORDERED** that Plaintiff's motion be **DENIED.**

**IT IS FURTHER ORDERED** that this Court **AFFIRMS** Defendants' objection to Plaintiffs' Related Case Notice and transfers the case for random reassignment pursuant to Local Civil Rule 40.5(c).

**IT IS SO ORDERED.**

                                                                                                                            _____
                                                                                                                            HON. JIA M. COBB
                                                                                                                             United States District Judge

Dated: _____