IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAKE THE ROAD NEW YORK, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KRISTI NOEM, Secretary of the U.S. Department of Homeland Security, in her official capacity, et al., <br><br> *Defendants.* | No. 1:25-cv-00190-JMC |

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

As explained in the motion to consolidate, the challenge to the newly disclosed implementation guidance could have been preserved through an amended complaint in this existing lawsuit. This could have been done that despite the pendency of an appeal. That motion would have been granted under the liberal standard of Rule 15, because Defendants themselves contend that the newly disclosed ICE memorandum dated February 28, 2025 and titled "Implementation Guidance for January 2025 Federal Register Notice, Designating Aliens for Expedited Removal" is relevant to the enforcement of the 2025 expansion of expedited removal that is at the heart of this case.

Had Defendants publicly disclosed that guidance when it was issued, Plaintiffs would have addressed it in their amended complaint on March 22, 2025. However, Defendants did not do so. Indeed, they did not disclose the guidance even after this Court specifically asked about the existence of any policies related to the continuous presence determination at the July 9, 2025 hearing. *See* Tr. of Motions Hearing 11:7–12:18, 26:6–27:10 (D.D.C. July 9, 2025). The Circuit stay panel asked the same question. *See* Tr. of Stay Hearing 9:23–15:16, 40:13–48:18 (D.C. Cir.

1

Oct. 6, 2025). Yet Defendants did not disclose this document until they filed their brief on the merits to the D.C. Circuit on October 20, 2025—in which they raised it as a defense of the constitutionality of the Designation, thereby confirming that it is directly relevant to this case. Br. for Appellants at 50-51, Doc. No. 2141259 (Oct 20, 2025), *Make the Road N.Y. v. Noem*, D.C. Cir. No. 25-5320.[1]

Plaintiff Make the Road New York ("MRNY") then filed a separate complaint because of the unique timing rule of 8 U.S.C. § 1252(e)(3), which requires that any challenge to a written expedited removal policy be filed no later than 60 days after it is first implemented. Because 60 days from Defendants' disclosure of the ICE guidance on October 20 would elapse on December 20, and because MRNY could not be confident that a motion for leave to amend would have been adjudicated before that date, MRNY filed the challenge as a separate lawsuit "in an abundance of caution." Mot. to Consolidate, ECF 72, at 2. This caution was justified. As Defendants' opposition to this motion shows, Defendants likely would have opposed a motion for leave to amend, thereby delaying a decision on such a motion.

Because a challenge to additional written guidance would have been a proper amendment to the original complaint and because it is Defendants themselves who have put these writings at issue on appeal, there is no serious basis on which to argue that the newly filed challenge must be litigated separately.

---

[1] Defendants have since raised additional previously undisclosed documents to the Court of Appeals. In a December 23, 2025 letter to that Court, they disclosed for the first time a U.S. Border Patrol email dated January 22, 2025, and asserted that it constitutes guidance to Border Patrol officers that is "substantially similar to the February 2025 ICE Guidance." *See* Letter, Doc. No. 2151957 (Dec. 23, 2025), *Make the Road N.Y. v. Noem*, D.C. Cir. No. 25-5320. The *MRNY III* complaint challenges such other previously undisclosed guidance documents as well as the February 28 Guidance. *See, e.g.*, Complaint ¶¶ 1, 10, 32, 118-36, *MRNY III*, No. 1:25-cv-04455, ECF 1 (Dec. 19, 2025). In addition to the newly disclosed Border Patrol email, such undisclosed guidance documents appear to also include training materials referenced in the February 28 Guidance that Defendants have yet to make public. *Id.* ¶ 32.

**ARGUMENT**

I. **Consolidation is Warranted**

Defendants essentially make two arguments against consolidation: (1) that the procedural postures of the two cases are distinct; and (2) that the two suits challenge different agency actions. Opp. at 2. Neither gives sufficient reason to deny Plaintiffs' motion.

First, *MRNY II* has not "progressed significantly" such that consolidation would create inefficiencies. Opp. at 6.[2] Defendants' motion to dismiss in *MRNY II* remains pending and there has been no discovery. Moreover, any difference in the procedural postures of *MRNY II* and *MRNY III* is relevant only to determining whether consolidation advances judicial economy or prejudices the parties. *See, e.g., Klayman v. Jud. Watch, Inc.*, 255 F. Supp. 3d 161, 174 (D.D.C. 2017).

There is no prejudice to Defendants from consolidation. Consolidation will not "change the rights of the parties," *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 497 (1933) (analyzing consolidation under the predecessor to Rule 42(a)). Defendants can seek to dismiss *MRNY III* on whatever grounds they choose. And, contrary to their assertion, they need not "wait to file a motion to dismiss until resolution of the merits" of their *MRNY III* appeal. *See* Opp. at 6. Rather, they retain the ability to file that motion on the timeline applicable to *MRNY III*, subject to this Court's "broad discretion when deciding [matters of] case management." *Arias v. DynCorp*, 856 F. Supp. 2d 46, 54 (D.D.C. 2012). Of course, as the outcome of the *MRNY II* appeal may likely shed light on overlapping issues in both cases, this Court may well wish to defer adjudication of such issues in *MRNY III* until that appeal is resolved.

Second, that the actions challenge separate agency actions does not undermine consolidation. *MRNY II* already challenges two agency actions, each with its own administrative

---

[2] As in their motion, Plaintiffs refer to the instant case, No. 1:25-cv-190, as *MRNY II* and the later-filed case, No. 1:25-cv-4455, as *MRNY III*. *See* Mot. to Consolidate, ECF 72, at 1 & n.1.

3

record. That is by no means unusual in APA suits, which commonly challenge multiple related agency actions. *See, e.g.*, Plaintiffs' Consent Motion for Leave to File an Amended Complaint at 2–3, *Make the Road N.Y. v. McAleenan*, No. 19-cv-2369, ECF 37 (D.D.C. Sept. 20, 2019) (amending complaint to assert claims challenging newly disclosed Memorandum of Matthew T. Albence, Acting Dir. of Immigration and Customs Enforcement, alongside existing challenge to July 23, 2019 Rule); Second Amended Complaint ¶¶ 42–43, *Make the Road N.Y. v. McAleenan*, No. 19-cv-2369, ECF 55 (D.D.C. Oct. 19, 2020) (second amended complaint adding allegations challenging an "additional memorandum" and "additional instructions, policies, and/or procedures regarding the implementation of the July 23, 2019 Rule"). *See also, e.g., Grace v. Barr*, 965 F.3d 883, 890 (D.C. Cir. 2020) (challenge to multiple agency actions); *Las Americas Immigrant Advoc. Ctr. v. U.S. Dep't of Homeland Sec.*, 783 F. Supp. 3d 200 (D.D.C. 2025) (case pending appeal) (same); *Bauer v. DeVos*, 325 F. Supp. 3d 74 (D.D.C. 2018) (same). The agency actions at issue here all plainly concern the decision to expand expedited removal.

Third, there are multiple factual and legal commonalities across the two cases that justify consolidation. Indeed, it is Defendants themselves who injected the February 28 Guidance into this litigation by relying on it in the Court of Appeals to defend the legality of the Designation. Thus, the additional writing is *already* implicated in the first filed case. The newly filed case preserves MRNY's claims to seek independent vacatur or other relief.

The two complaints are otherwise, in large part, identical. *Bauer v. DeVos*, 325 F. Supp. 3d 74, 91 (D.D.C. 2018) (noting that consolidation is appropriate where "the two complaints . . . are mirror images of one another that could easily have been filed in the first instance as a single action"). The causes of action are the same, requiring application of the same legal authorities and presenting overlapping threshold questions. The relief sought is the same. *See* 9A Wright & Miller's Fed. Prac. & Proc. Civ. § 2384 (3d ed.) ("Consolidation also has been ordered when

4

different plaintiffs were seeking the same relief in separate actions."). One plaintiff is the same, and the defendants are identical. *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of the Treasury*, No. CV 13-732, 2013 WL 12310810, at *1 (D.D.C. Sept. 6, 2013) (consolidating actions that "arise out of the same set of facts," and "seek the same relief from the same defendant"). On the merits, both cases concern the constitutional due process rights of noncitizens and the application of the procedural due process analysis under *Mathews v. Eldridge*, 424 U.S. 319 (1976). And Defendants have asserted overlapping threshold issues in the two cases, stating that they believe *MRNY III* is "eligible for dismissal on jurisdictional grounds" they have already raised in the instant case. *See* Opp. at 6 (citing 8 U.S.C. § 1252(e)(3)(A)(ii), (B)); Order on Stay Pending Appeal at 27–31, *Make the Road N.Y. v. Noem*, No. 25-5320 (D.C. Cir. Nov. 22, 2025) (concluding that MRNY's action was likely timely under 8 U.S.C. § 1252(e)(3)).

Other overlapping factual and legal questions are sure to arise. Defendants argue that relief in *MRNY III* will not "eliminate the 2025 Designation" challenged in *MRNY II*; and that existing regulations providing "independent authority for DHS to apply and expand expedited removal" make it "unclear how challenging the [February 28] Guidance" in *MRNY III* "would provide Plaintiff with any effective relief." Opp. at 5. Resolution of these questions will likely require examining the overlap and interaction between the agency actions at issue in *both* cases. Consolidating the two suits will enable the Court to streamline not only its analysis of the answers to these questions, but also its consideration of any discovery or production disputes that may occur along the way.

**II.    Relation is Proper**

Relation is appropriate where the "earliest [case] is still pending on the merits in the District Court," and the two cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the

same patent." LCvR 40.5(a)(3). Only one factor must be satisfied, and here the first three factors are all present.

First, the instant, earlier-filed case is still pending on the merits.

Second, the two cases involve significant common issues of fact. Both complaints allege widespread flaws in the expedited-removal system, *see MRNY II* ECF No. 27 ¶¶ 60–82; *MRNY III* ECF No. 1 ¶¶ 51–73; flaws in the credible-fear asylum process, *MRNY II* ECF No. 27 ¶¶ 83–93; *MRNY III* ECF No. 1 ¶¶ 74–84; and allege that these flaws have resulted in the erroneous removals of U.S. citizens and legitimate asylum seekers, *MRNY II* ECF No. 27 ¶¶ 94–96; *MRNY III* ECF No. 1 ¶¶ 85–87. Both complaints further allege that Defendants are aware of these issues and these erroneous removals, *MRNY II* ECF No. 27 ¶¶ 88–89; *MRNY III* ECF No. 1 ¶¶ 97–98; that Defendants unlawfully construe the expedited-removal statute, *MRNY II* ECF No. 27 ¶¶ 90–93; *MRNY III* ECF No. 1 ¶¶ 99–102; and that Defendants' actions have caused harm to MRNY, its members, and the other plaintiffs in *MRNY II*, by depriving them of relief to which they would be entitled if they were not subjected to expedited removal and increasing the risk of their erroneous removal from the country, *MRNY II* ECF No. 27 ¶¶ 94–106; *MRNY III* ECF No. 1 ¶¶ 103–117.

The claims in *MRNY II* and *MRNY III* are almost identical and rely on the same sources of law. Defendants assert without citation that facts MRNY presents in *MRNY III* "necessarily will differ from those presented in this case" because the cases "present two different legal questions." Opp. at 8. As explained above, however, the two cases actually present largely overlapping and interrelated legal questions. And those questions can be addressed on a substantially similar record.[3]

---

[3] *Trump v. Committee on Ways & Means*, 391 F. Supp. 3d 93 (D.D.C. 2019), the principal case on which Defendants rely, is substantively dissimilar. The two cases analyzed in *Ways & Means*

Third, relation is independently warranted because the two cases "grow out of the same event or transaction," Loc. Rule 40.5(a)(3), namely, Defendants' unlawful expansion of expedited removal. Both cases relate to the government's decision to expand expedited removal without additional procedural safeguards, and that decision is at the core of each suit. *See, e.g.*, *Campuzano v. United States*, No. CV 24-1652, 2024 WL 5331861, at *2 (D.D.C. Oct. 31, 2024) (concluding that two cases grew from the same event or transaction where they both "challenge[d] the federal government's decision to not transfer [] money" into a victim's fund).

## CONCLUSION

For the above reasons and those stated in Plaintiffs' Motion, this Court should grant the motion to consolidate *Make the Road New York v. Noem*, No. 1:25-cv-00190 (D.D.C.) with *Make the Road New York v. Noem*, No. 1:25-cv-04455 (D.D.C.), and deny Defendants' objection to MRNY's notice of related cases.

Dated: January 14, 2026

Respectfully submitted,

| | |
|---|---|
| Morgan Russell | */s/ Anand Balakrishnan* |
| Hannah Steinberg | Anand Balakrishnan |
| Michael K.T. Tan (D.D.C. Bar No. NY0636) | *Counsel of Record* |
| Cody Wofsy (D.D.C. Bar No. CA00103) | Grace Choi |
| AMERICAN CIVIL LIBERTIES UNION | Sidra Mahfooz |
| FOUNDATION | Omar C. Jadwat |
| IMMIGRANTS' RIGHTS PROJECT | Lee Gelernt (D.D.C. Bar No. NY0408) |
| 425 California Street, Suite 700 | AMERICAN CIVIL LIBERTIES UNION |
| San Francisco, CA 94104 | FOUNDATION |
| (415) 343-0770 | IMMIGRANTS' RIGHTS PROJECT |
| mrussell@aclu.org | 125 Broad Street, 18th Floor |
| hsteinberg@aclu.org | New York, NY 10004 |
| m.tan@aclu.org | (212) 549-2660 |
| cwofsy@aclu.org | abalakrishnan@aclu.org |
| | gchoi@aclu.org |

---

involved "different claims," and the claims in the later-filed case had "nothing to do with the earlier-filed case." *Id.* at 96.

Lucia Goin (D.D.C. Bar No. 1739389)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
915 15th Street NW
Washington, DC 20005
(212) 549-2500
*lgoin@aclu.org*

Amy Belsher
Robert Hodgson
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 19th Floor
New York, NY 10004
(212) 607-3300
*abelsher@nyclu.org*
*rhodgson@nyclu.org*

*smahfooz@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*

Arthur B. Spitzer (D.D.C. Bar No. 235960)
Aditi Shah (D.D.C. Bar No. 90033136)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF THE DISTRICT OF COLUMBIA
529 14th Street, NW, Suite 722
Washington, D.C. 20045
(202) 457-0800
*aspitzer@acludc.org*
*ashah@acludc.org*

*Attorneys for Plaintiffs*

8